BAKER *against* TAYLOR.

T. J. OAKLEY, for the defendant, moved for a rule staying the plaintiff perpetually from issuing a *ca. sa.* in this cause. A verdict in assumpsit had been given for the plaintiff, in 1819. The rule for judgment was not entered till *May* term, 1823, when the judgment was perfected, and a *fi. fa.* issued thereon. Intermediate the verdict and judgment, the defendant had obtained the discharge of his person under the act, (*sess.* 42. *ch.* 101) for abolishing imprisonment for debt in certain cases.

*J. Platt*, said the defendant ought not to be protected from an imprisonment, by a rule to be granted in this summary manner. This would be to deprive us of all opportunity to contest the validity of the discharge; which cannot be pleaded, *puis darrein continuance*, after verdict. (1 *Ch. Pl.* 637. *Bull. N. P.* 310. *Vanbrynen et al.* v. *Wilson*, 9 *East*, 321. *Van Valkenburgh* v. *Dederick*, 1 *John. Cas.* 133.)

*Oakley*, in reply. That the party is deprived of contesting the validity of the discharge can form no objection. This is always the case where the defendant is discharged after judgment, but was never thought of as an objection to discharging from a *ca. sa.* upon motion.

*Curia.* The discharge was too late to admit of its being pleaded *puis darrein continuance.* This could no more be done than if judgment had been signed. In the latter case the uniform practice is to discharge upon motion. The case of *Baker* v. *Judges of Ulster*, in the 4th *John. Rep.* 191, is substantially this case. Here is nothing alleged against the discharge. Should the plaintiff object fraud, or other ground impeaching its validity, we might then open the cause, so far as to give him a chance to try this question, leaving the judgment, in the mean time, to stand as security.

Motion granted.(*a*)

(*a*) Vid. Palmer v. Hutchins, *ante*, 42.

The court will order a perpetual stay of the *ca. sa.* where the defendant is discharged under the act, (*sess.* 42, *ch.* 101) intermediate the verdict and judgment. But, if the discharge is objected to by the plaintiff, they will open the cause, so as to give him a chance to try the question, the judgment standing as security.