Underwood
v.
Irving.

---

In the matter of UNDERWOOD, an insolvent debtor, *against* The Hon. J. T. IRVING, First Judge of the Court of Common Pleas of the city of NEW-YORK.

ON the 6*th* day of *March*, 1824, the insolvent presented his petition to the Hon. *J. T. Irving*, First Judge of the Court of Common Pleas of the city of *New-York*, for a discharge under the "act to abolish imprisonment for debt in certain cases," passed *April* 7*th*, 1819. His honour made the usual order for the creditors to appear on the 24*th* of *May* following, and directed by this order that the same should be published for creditors, and a publication of only 6 weeks, and then an order, by mistake, for assignment, which is made, the second order is a nullity, being made without jurisdiction, and the commissioner may refuse to sign the discharge.

*On an application for a discharge, under the act to abolish imprisonment for debt in certain cases, (sess. 42, ch. 101) and order for 10 weeks' advertisement to*

10 weeks. On the 24th May, affidavits of publication were produced, and no person appearing to oppose, the usual order for an assignment was made, the assignment executed, and on the next day a certificate was produced from the assignees appointed by the Judge, that the insolvent had executed the assignment. But, on application for a discharge, the Judge stated, that since making the order for assignment, he had discovered that two of the affidavits of publication stated the same to have been made six weeks instead of ten. The attorney of the insolvent was ignorant, till then, that the affidavits were defective ; and he insisted, that the Judge was bound to sign the discharge, it being too late after making the order and executing the assignment, there being no objection on the score of want of good faith in the insolvent, to inquire into the regularity of notice. But the Judge was of a different opinion, and refused to sign the discharge. The omission to advertise the ten weeks was through inadvertence.

A motion was now made for a mandamus, commanding Judge *Irving* to proceed and grant the discharge, and

R. *Sedgwick*, for the motion, cited 5 L. N. Y. 116, a. (sess. 42, ch. 101, s. 2) and insisted that it was intended by the law that the whole investigation to be made by the Judge, the whole trial, &c. should be made before the order for assignment. When that order is made, all prior questions are *res judicata.* It is certain that there can be but one trial by jury ; and it is well understood that all questions of fraud are to be settled, if heard by the Judge, before granting the order. A *fortiori*, questions of form, notice, &c. ought to be adjudged before that time.

The 3d section of the act is imperative, that upon the insolvent's producing a certificate, &c. the Judge shall declare under his hand and seal, &c.

He cited the case of *Bradstreet*, (13 *John*. 385) as in point. The ground on which the Court held, in that case, that the Recorder could vacate the order, was collusion to prevent the creditors from opposing. Besides, the whole matter was there *in fieri*, when the Recorder was applied

ho, to vacate the order. The assignment had not been made and certified. How can the assigned property in this case be got back? The assignees hold it in trust for the creditors. The Judge had executed his powers, and the assignment vested the property in the assignee.

*Curia.* We do not view the matter in this light. The first order made pursuant to the statute had been disregarded. The 10 weeks advertisement was necessary to give the commissioner jurisdiction. Till this was done, he had no authority, and the second order was a nullity. The assignment must probably share the same fate, though it is not necessary to pass upon the effect of this; and we must not be understood as doing so. We are not to be guided by a consideration of the embarrassment which may arise from that act.

Motion denied.