## SLIDELL vs. McCREA.

Where an insolvent procures a person to purchase in a judgment, and such person pays nothing, or at most a nominal consideration, for the assignment, he can be a petitioning creditor only for the sum paid. If in such case the purchaser becomes a petitioning creditor for the whole amount of the judgment, and such sum is necessary to make up two thirds of all the money owing by the insolvent, and the insolvent obtains a discharge, such discharge will be adjudged void. The act *per se* avoids the discharge without proof of the intent. A failure to specify and set forth, clearly, the true cause and consideration upon which the debts were contracted, renders the discharge fraudulent and void, under the act of 1817, and a specification that the debt is due on a promissory note, without setting forth the consideration thereof, was held to be insufficient. From the want of a proper specification, the *intent* to defraud is inferrible, and need not be proved.

THIS is an action of assumpsit. The declaration contains the usual counts in *indebitatus assumpsit* for monies lent, had and received, &c. &c. Plea, the general issue, with notice of set off. The cause was tried at the New-York circuit, in December, 1825. The plaintiff's demand was proved by the production of certain insolvent papers, in an application by the defendant for a discharge as an insolvent debtor, in October, 1822. In the account of creditors then presented by

the defendant, the plaintiff is stated to be a creditor. The defendant then produced his discharge as an insolvent debtor under the two third act, granted by the recorder of New-York, on the 18th January, 1823.

From the papers in this case of insolvency, it appeared that the whole amount of debts owing by the insolvent, was $19,086 43, that the amount signed off, or debts owing to petitioning creditors, was $12,922 75, that David H. Robertson was one of the petitioning creditors, and the amount signed off by him was $7169 99. In the specification of the cause and consideration upon which the debts were contracted, as set forth in the account of creditors presented by the insolvent to the recorder, two debts are stated to be due on promissory notes, for goods sold and delivered, and a number of others are stated to be due on promissory notes, without stating the consideration of the same. In the affidavit of Robertson, the petitioning creditor, the debt due to him is stated to be on a judgment entered up in favour of D. S. Kennedy and D. Maitland, and by them assigned to him; the circumstances in relation to which judgment, and the assignment of the same to Robertson, were as follows : In October, 1822, James McCrea, the defendant in this cause, was holden to Kennedy and Maitland, as the indorser of bills of exchange on London, drawn by John McCrea, of Philadelphia, and which had been returned protested. The defendant applied to Kennedy and Maitland to become petitioning creditors for him, in his application to be discharged as an insolvent debtor, which they declined, lest it might affect their claim against the drawer of the bills. Kennedy, however, told the defendant, that if his legal advisers could point out any course by which he could serve defendant, without impairing his remedy against the drawer of the bills, he would do it. On the 21st October, 1822, a bond and warrant of attorney to confess judgment, was executed by the defendant to Kennedy and Maitland, conditioned for the payment of the sum of $7169 99, and on the same day the judgment was entered up. On the same day, also, the judgment was assigned by Kennedy and Maitland to Robertson,

who was a clerk in defendant's store, for the nominal consideration of *one dollar*, and even that sum was not paid, and Robertson became a petitioning creditor. This course of proceeding was adopted on the suggestion of defendant's legal advisers, and the whole object of the bond, judgment and assignment was to aid the defendant's discharge under the insolvent act. About two years after this transaction, the protested bills were paid to Kennedy and Maitland by the drawer. [There was a mass of other testimony introduced on the trial; on the one hand, for the purpose of impeaching the discharge; on the other, to shew the fairness of the defendant's proceedings, which, on the argument of the case, was discussed by the counsel; but as the opinion of the court is based on the facts already stated, it is deemed unnecessary to present any more of the testimony, or to give an analysis of the arguments of counsel, founded on those other facts.] The judge charged the jury, that among other points raised by the plaintiff, it had been contended that the defendant had not sufficiently set forth, within the true intent and meaning of the eleventh section of the amendatory act of 28th February, 1817, (*Statutes, vol. 4, b.* 41,) the cause and consideration upon which certain of the debts stated by the defendant, in his account of his debts, to be owing by him, were contracted; with respect to which, he was of opinion that such objection was not well founded, and did not afford any legal ground for avoiding the discharge, provided the statements which he did make were true as far as they went. That it had also been contended by the counsel for the plaintiff, that the defendant was not *bona fide* indebted to David H. Robertson, in the sum for which he became a petitioning creditor for the defendant, and that inasmuch as that sum was necessary to make up the amount required to be petitioned for, in order to entitle the defendant under the act to a discharge from his debts, the discharge was, on that ground also, ineffectual and void; with regard to which, also, he was of opinion that the objection, if they believed there was no fraud, was not well founded, and afforded no legal ground for avoiding the discharge. That with respect to

Robertson's signing off for more than the consideration given for, or expressed in the assignment to him of such debt, that also afforded no ground for avoiding defendant's discharge, provided the jury should believe there was no intention of fraud. That as to the objection that the defendant had not set forth clearly, in the account of his debts, the true cause and consideration upon which each and every of the debts therein stated were contracted, it was incumbent upon the plaintiff to satisfy the jury, that in such omissions the defendant had a fraudulent intent; and that if the jury could not, upon the evidence before them, take it upon themselves to consider them fraudulent, they afforded no ground for impeaching or avoiding the discharge. The counsel for the plaintiff excepted to the charge. The jury found a verdict for the defendant. A new trial is asked for, on a case made by the plaintiff.

*P. W. Radcliff*, for plaintiff. The first section of the act for giving relief in cases of insolvency, (1 *R. L.* 460,) expressly provides, that no person shall become a petitioning creditor, who may have purchased or procured to be assigned to him, any debt due or to become due by the insolvent, except for so much only as was actually and *bona fide* given for the debt. Here the petitioning creditor, or rather the defendant himself, *procured* the debt to be assigned. It was assigned for the consideration of *one dollar*, expressed in the instrument of transfer, though in fact nothing was paid, and yet the assignee becomes a petitioning creditor for upwards of $7000.

For the same demand that Kennedy and Maitland had against the defendant, they had a claim against John McCrea, the drawer of the bills which were the origin of the debt. To have made the transfer of the judgment to Robertson effectual, so as to have enabled him *bona fide* to become a petitioning creditor, Kennedy and Maitland ought to have transferred their claim against John McCrea; for it appears that they have received their debt of him, and consequently the defendant was discharged without the assent of two thirds of his creditors. (1 *Johns. R.* 580. 4 *Johns. R.* 41.)

UTICA,
Aug. 1828.

Slidell
v.
McCrea.

The assignment of the judgment to Robertson being at the request of the defendant, and Robertson paying nothing for it, he was the mere trustee of the defendant, and could not have enforced the judgment against the defendant; consequently, could not become a petitioning creditor. The effect of the assignment was to extinguish the debt. (1 *Johns. C.* 91, 15 *Johns. R.* 58.)

The discharge is fraudulent in not specifying clearly, in compliance with the provisions of the statute, (*Statutes, 4th vol. 46 b.*) the true cause and consideration upon which several of the debts, set forth in the account of debts, were contracted; as for instance, the cause and consideration of one debt is stated to be a *promissory note,* of another, *cash due them,* (the creditors,) and of a third, the half of a debt due him (the creditor) by McCrea and Slidell, deducting his interest arising from the assignment made by them for the benefit of their creditors. These specifications are too general; they do not even afford a clue for inquiry. (15 *Johns. R.* 183. 16 *Johns. R.* 149. 20 *Johns. R.* 22.) The statute declaring the discharge void, if the debtor does not give a true account of the consideration of the debts owing by him, the objection may be urged in avoidance of the discharge. (1 *Johns. R.* 300.) The *bona fides* of the defendant is not to be regarded in the determination of these questions. They are purely questions of law. Has the party complied with the requirements of the statute, and abstained from what is prohibited?

*H. Maxwell,* for defendant. The specification in the account of debts was sufficiently definite; but if not so, the objection should have been urged before the recorder, where the specification might have been amended. The inventory and specification of debts are preliminary, and the opposing creditor has his day to investigate and oppose at the hearing before the recorder. (20 *Johns. R.* 22.) The discharge is not declared void for an *imperfect* but for an *untrue* account of the consideration of the debts; (*Statutes, 4th vol. 46, b.;*) and the jury having by their verdict found that the account is not untrue, the court will not set it aside.

So also the objection that Robertson was a petitioning creditor for a greater amount than the sum paid by him for the debt assigned to him, should have been made before the recorder. A discharge will not be avoided but for one of the causes specified in the thirteenth section of the act, (1 *R. L.* 466.) This is not one of the causes enumerated. Robertson, by the assignment, had become the owner of the judgment to its full amount. The becoming a petitioning creditor for a sum greater than he gave for the assignment, though forbidden by the first section, is not specified in the thirteenth section as one of the causes for avoiding a discharge ; and, on principle, it ought not to avoid it, because the insolvent may be wholly ignorant what an assignee pays for a debt. To avoid a discharge for such cause, might work the greatest injustice.

*J. Duer*, on same side. The eleventh section of the act of 1817, prescribes the form of proceedings in cases of this kind, and points out the duty of the officer, who is not to discharge the insolvent, unless the statute is complied with. It does not, however, avoid the discharge for a non-compliance with the requirements of the act. Without an adjudication, there could be no doubt on the question ; but the case in 20 *Johnson* has decided the point that such objection cannot be urged in avoidance of the discharge.

By the assignment of the judgment, the legal interest vested in Robertson ; the object for which it was obtained does not vitiate the assignment ; whether it was void or not, depends upon the fraudulent intent. The statute does not say that a purchaser of a debt shall be considered a creditor only for the sum paid ; nor would that be considered the extent of his claims on a dividend of the estate. It forbids that he shall become a petitioning creditor for a greater sum than he paid ; but it does not on this account avoid the discharge. It may be an omission in the statute, yet it is sufficient for the party to say that the case does not come within the words or the spirit of the act.

*Slosson*, in reply. The discharge is void, because the defendant procured a person to become a petitioning creditor

UTICA, Aug. 1828.

Slidell v. McCrea.

UTICA,
Aug. 1828.

Slidell
v.
McCrea.

for a sum not *bona fide* due from him to such person. Robertson accepted the assignment at the request of the defendant, and became his trustee for a specified object. He could not have enforced the judgment against the defendant; the assignment was, in law, a release of Kennedy and Maitland's claim against the defendant; and at the very moment when Robertson became a petitioning creditor, the defendant might have required him to discharge the judgment. It is said that Robertson would be entitled to a dividend of the estate. Could a stronger illustration of the fraudulent character of this transaction be presented, when it is seen by the evidence of the case, that the whole of the debt, the consideration of the judgment assigned to Robertson, has been received by the assignors of the judgment? Had the transaction been *bona fide*, the estate of the insolvent ought to have received the money from the drawer of the bills, the original cause of indebtedness.

As to setting forth the cause of indebtedness. The act of 1813, (1 *R. L.* 261,) required the *creditor* to specify the nature of his demand, with the general ground of the indebtedness. This was amended by the act of 1817, (*Statutes, 4th vol. b.* 46,) which requires the *debtor* to specify and set forth *clearly* the true cause and consideration upon which the debt was contracted; and the court in 20 *Johnson*, 22, give a construction to the statute, and say the specification shall be such as fairly to apprise the creditors of the general ground of indebtedness, so as to give them a clue to inquiry. This has not been done in the present case.

*By the Court*, SAVAGE, Ch. J. The question in this case is, whether the defendant's discharge is valid or not. By the first section of the act of 1813, (1 *R. L.* 460,) no person shall become a petitioning creditor, who may have purchased or procured to be assigned to him, any debt due or to become due by such insolvent, except for so much only as was actually and *bona fide* given for the debt so purchased or procured. By the 13th section of the same act, if the insolvent " shall procure any person to become a petitioning creditor for any sum not *bona fide* due from him to such creditor,

or for any larger sum than is really or *bona fide* due from such insolvent to such creditor, to make such sum in value as is required by this act as aforesaid," the discharge is declared void. The defendant procured David H. Robertson to purchase a judgment from Kennedy & Maitland for $7,169 99, for the nominal sum of one dollar, which he never in fact paid. This sum was necessary to make the two thirds. Robertson swore this sum was due to him. This was an entire mistake ; not a dollar was due under this act. He could be a creditor at most for one dollar, provided he had paid it ; but not having paid any thing, he was not a creditor even for this sum, within the meaning of the act. On this ground, therefore, the discharge was void by the 13th section of the act. The judge charged the jury, that this fact was not sufficient to avoid the discharge, without proof of actual fraud. What further proof of actual fraud could be desired ? A clerk of the insolvent, without paying one cent, becomes a creditor of his master for more than $7000, with intent to obtain a discharge from his *bona fide* debts. The statute makes the act, *per se*, avoid the discharge without requiring proof of the intent. Such proof is necessary as to certain other acts, to wit, receiving debts due before the assignment, secreting his estate or books, or concealing his creditors. But the succeeding portion of the sentence relating to procuring a false creditor, requires no extraneous proof of fraud to avoid the discharge.

Again ; by the 11th section of the act of 1817, (*Statutes, 4th vol. 46 b.,*) the debtor is required to specify and set forth clearly the true cause and consideration upon which the debts were contracted ; and a failure in this respect, renders the discharge fraudulent and void. In *Taylor* v. *Williams*, (20 *Johns. R.* 22,) this statute received a construction. The court said it was sufficient if the specification fairly apprized the creditors of the general ground of indebtedness, so as to give them a clue to inquiry. The consideration in that case was money lent, money paid, and work and labor done at special instance and request. In this case, several of the debts are said to be due on *promissory notes.* By the third section of the act of 1813, the creditor must specify the na-

UTICA,
Aug. 1828.

ture of his demand, whether on obligation, note, account or otherwise, with the general ground of such indebtedness. The two provisions seem to require a similar specification. Something more then should be stated, than that the debt was due on note. The consideration for the note should be set forth so as to give the creditor a clue to inquiry. Here, also, the judge decided that an intent to deceive should be proved. My understanding of the act is, that from the want of a proper specification, the intent to defraud is inferrible, and conclusively so; for the discharge is declared fraudulent and void.

New trial granted; costs to abide the event.