The opinion of the court was delivered by Mr. Justice Cowen. who, after approving the decisions of the judge at the circuit, in rejecting the testimony offered on the ground of its generality and not coming within any of the specifications set forth in the notice, proceeded as follows: “ The [409 offer to prove that the debts of the petitioning creditors did not amount to two thirds of the whole amount of debts owing by the defendant, was with a view, 1. To question the recorder’s jurisdiction; and, 2. To establish a fraudulent representation of the amount. The first object was precluded by the replication, which, in legal effect, admitted the jurisdiction and estopped the plaintiff (Andrews v. Pledger, 4 Carr. & Payne, 381; 1 Mood. & Malk. 508, S. C.) The statute does not authorize a notice to be given of any facts other than with a view to avoid the discharge by showing fraud.
Nor was fraud inferrible from the simple fact that the computation founded on the opén face of the papers furnished to the recorder, came short of tv>o thirds. No other facts being proposed in connection with that, the mind is at once led to negative all fraud, and ascribe the discharge to mere mistake. Clearly something more than a naked error in calculation should have been proposed to render such proof competent. The papers were open at the proper time, to the inspection of all concerned, and the recorder adjudged that two thirds in amount of the creditors had united in the petition.
The question whether the defendant willfully misrepresented the amount due to the plaintiff, was a proper one for the jury, under the circumstances given in evidence. We are to presume that it was correctly put to them, as nothing appears in the bill of exceptions to the contrary.
New trial denied.