## SMALL *vs.* GRAVES.

The bare omission, by an insolvent debtor, applying to be discharged under the two-thirds act, to insert the name of a creditor in his schedule of debts, or the misstatement of the amount due any creditor, will not, alone, vitiate the discharge.

The omission or misstatement must be intentional, with a view to a " *fraudulent* concealment." If not intentional it will not be fraudulent.

The fact that a person becomes a petitioning creditor of an insolvent, for the nom-

inal amount of a debt purchased by him, at a discount, rather than for the amount paid by him, will not, *per se*, vitiate the discharge.

The act which will vitiate the discharge must be an act of the insolvent. He must *procure* the creditor to become a petitioner for a larger amount than is in good faith due him; and this must be done in order to obtain a discharge.

Where the petitioning creditor purchased the demand three or four years before the debtor applied for his discharge, and there was no evidence that the creditor did not hold it as a debt against the insolvent, to the full amount, or that the latter had any knowledge of the circumstances attending such purchase, or of the amount paid for the demand; *Held* that the mere fact of the creditor signing the insolvent's petition as a creditor for the full amount of the demand, when he had purchased the same for a less amount, would not avoid the discharge.

THIS action was tried at the Onondaga circuit before Shankland, J. and was upon a promissory note made by the defendant, dated March 4, 1842, payable in five months, to J. C. Norton or bearer, for $200. The defendant pleaded in bar of the action a discharge by the first judge of Onondaga county on the 26th of January, 1847, in pursuance of the statute concerning "voluntary assignments made pursuant to the application of an insolvent and his creditors." The plaintiff replied that the discharge was obtained by fraud, and in a notice annexed to the replication specified the acts of fraud which he would prove, and upon which he would rely to invalidate the discharge. After the proof of the execution of the note, the insolvent papers of the defendant were given in evidence, from which it appeared that Perigo Austin, who was father-in-law of the defendant, was a petitioning creditor of the defendant, upon an indebtedness amounting to $2,439,88. That the debt of the plaintiff was not named or stated in the petition or schedule. That a debt appeared in the schedule to be due originally to one Barber, of $230,40, stated to be in judgment against the defendant, and to have been assigned to Austin. That the debt to Austin of $2439,88 included the Barber judgment. That the whole amount of the debts of the defendant, as stated in the schedule, was $3605,88, and the amount of the debts due to the petitioning creditors, was $2633,40. The plaintiff also proved that Austin bought the Barber judgment and paid therefor in wood worth from $75 to $100. The justice charged the jury that no

Small *v.* Graves.

act of fraud had been proved, to vitiate the discharge, and the plaintiff excepted. The plaintiff's counsel then requested the judge to charge that the discharge of the defendant was void, for the reason that Austin was a petitioning creditor for the nominal amount of the Barber debt and not for the amount paid by him. The judge refused so to charge, and the plaintiff's counsel excepted. The jury rendered a verdict for the defendant, and the plaintiff now moved for a new trial, on a bill of exceptions.

*W. H. Jewett,* for the plaintiff.

*D. D. Hillis,* for the defendant.

*By the Court,* ALLEN, J.   It is provided by statute that every discharge granted under the article by virtue of which the defendant claims to have been discharged shall be void if the insolvent shall fraudulently conceal the names of any of his creditors, or the amount of any sum due to any of them. (2 *R. S.* 23, § 35, *sub.* 4.)   The bare omission by the insolvent to insert the name of a creditor in the schedule of debts, or the misstatement of the amount due any creditor will not, alone, vitiate the discharge.   The omission or misstatement must be intentional, with a view to a "*fraudulent* concealment."   The intent gives character to the act, and if there is in this case any evidence tending to show a fraudulent intent on the part of the insolvent, the question should have been submitted to the jury ; for the omission of the plaintiff's debt in the schedule is conceded. (*Slidell* v. *McCrea,* 1 *Wend.* 156.)   There were no circumstances proved, to show that the omission to name the debt of the plaintiff was intentional, and if not intentional it could not have been fraudulent.   In *Ayres* v. *Scribner,* (17 *Wend.* 407,) the insolvent had named the plaintiff as a creditor for $496,93 on *three* notes.   He was in fact indebted to him upon *four* notes, to the amount of $511,52, and the court held that under such circumstances the question whether the defendant wilfully misrepresented the amount due the plaintiff was a question for the

Small v. Graves.

jury. The note of the plaintiff in this action was dated in March, 1842. The petition of the defendant was presented to the officer four years and a half thereafter, and without any proof that the defendant had the debt or debtor in his mind at the time of preparing and verifying his schedule. A verdict of the jury that he wilfully or fraudulently concealed the debt, would not have been warranted by the evidence.

II. It is provided by the section of the statute before cited, subdivision 5, that the discharge shall be void if the insolvent shall procure any person to become a petitioning creditor for any sum not due from him to such person, in good faith. By another section it is provided that whenever a petitioning creditor shall have purchased or procured to be assigned to him any debt or demand against the debtor for less than the nominal amount of such debt, the person petitioning shall be deemed a creditor to the amount only of the sum or value actually and in good faith paid by him for such debt. (2 *R. S.* 36, § 10.) Within the act, therefore, Austin was only a creditor of the defendant in respect to the Barber debt for the amount or value actually paid by him. (*Slidell* v. *McCrea*, 1 *Wend.* 156.) It is insisted by the plaintiff's counsel that within the principle of the case cited, the fact that Austin became a petitioning creditor for the nominal amount of the Barber debt, rather than the amount paid by him, *per se* vitiates the discharge. The language of Savage, Ch. J. who pronounced the decision of the court, must be understood in reference to the facts of that case. There the insolvent had procured an assignment of a large claim, to his clerk, for the nominal consideration of one dollar, nothing in fact being paid, and his clerk thereupon became a petitioning creditor for the whole amount of the debt. The learned judge might well inquire "What further proof of actual fraud could be desired?" and say that "the statute makes the act, *per se*, avoid the discharge, without requiring proof of the intent." The insolvent was the actor, throughout, and procured the assignment to his clerk to enable him to become a petitioning creditor, and then procured him to become such petitioning creditor. But in the case before us, the petitioning creditor purchased the debt some

three or four years before the application for the benefit of the act, and there is no evidence that Austin did not hold it as a debt, to the full amount, against the defendant, as he lawfully might. Neither is there the slightest evidence that the defendant had any knowledge of the particulars of the transaction by which Austin became the owner of the debt, or the amount he paid for it. It follows that there is a total want of evidence that he knowingly procured Austin to become a petitioning creditor for an amount not due to him in good faith. And although the statute does not speak of the knowledge of the insolvent as necessary to vitiate the discharge, yet giving the statute a reasonable construction, to which it is entitled, it is as essential to be established as any other fact. The consequences of the act prohibited are highly penal, and should not be visited upon the insolvent without fault upon his part. The act which will vitiate the discharge must be an act of the insolvent. He must *procure* the creditor to become a petitioner for a larger amount than is in good faith due him. And this must be done in order to procure a discharge, that is, the insolvent must design to perpetrate a fraud upon the act, and to this, knowledge of the amount paid for the debt, by the creditor, is essential. The provision was designed to prohibit transactions of the character of that commented upon in 1 Wendell; and to apply it to transactions in which the insolvent had acted in good faith would be unwarranted by the act. It would be inconsistent with reason and justice. (6 *Paige,* 323. *Farr* v. *Marsteller,* 2 *Cranch,* 10.)

Whether two thirds in amount of the creditors of the defendant united with him in his petition for the benefit of the insolvent act, is not material in this action; as the jurisdiction of the officer is admitted by the replication *per fraudem.* (*Ayres* v. *Scribner,* 17 *Wend.* 407.)

A new trial is denied.