WILLIAM SMALL v. ERASTUS WHEATON.

Under the act providing for the discharge of an insolvent from his debts, on the petition of himself and two thirds of his creditors; it is indispensable that the affidavit prescribed by the statute, to be made by the petitioner and annexed to his petition, shall be sworn to before the officer to whom the petition is presented.

Compliance with this requirement is necessary to authorize the officer to make any order in the proceeding.

It is requisite to give the officer jurisdiction to proceed and grant the discharge.

The fact that a creditor appeared in the proceedings and opposed the discharge, will not preclude him from afterwards objecting to the validity of the discharge, on the ground of want of jurisdiction in the officer to grant it.

It appearing, upon the trial of an action, wherein such discharge was set up as a defence, that the affidavit was sworn before a commissioner of deeds; *held*, that the discharge was void for want of jurisdiction in the officer to grant it.

Permitting the petitioner to make an additional affidavit on the hearing before the officer, does not remedy the defect.

In this respect the proceedings are not amendable.

THIS cause was tried before Judge INGRAHAM and a jury. Under the direction of the court, a verdict was rendered in favor of the plaintiff for $7,026. To this direction, and to the ruling of the judge as to the effect of the evidence, the defendant excepted, and the exceptions were ordered to be heard in the first instance at a general term. The opinion gives the nature of the action and of the defence, and the facts relating to the questions involved.

Small *v.* Wheaton.

*James S. Sandford, Mortimer Porter* and *David Dudley Field,* for the defendant.

*Henry S. Lincoln* and *William M. Evarts,* for the plaintiff.

By THE COURT. WOODRUFF, J.—The action herein was brought upon a judgment recovered against the defendant in 1845. The defence rests upon the effect of a discharge of the defendant as an insolvent, granted in 1848 by the chief justice of the Superior Court of the city of New York, upon the petition of the defendant, with two thirds of his creditors, under art. 3d, title 1, chap. 5, of the Revised Statutes. (2 Rev. Stat. p. 16.)

On the trial the defendant, in support of his answer, read his discharge, and the plaintiff produced, from the files of the clerk of the city and county of New York, and read in evidence, the proceedings of the defendant in insolvency, on which such discharge was granted. It appeared, by the proceedings thus produced, that the affidavit annexed to the petition, required by section 7 of the statute, was sworn before a commissioner of deeds. Upon an intimation from the court that, by reason of this defect, (no other affidavit in the form prescribed by the said section appearing annexed to the petition or elsewhere, among the proceedings,) the officer to whom the petition was presented acquired no jurisdiction, the defendant called a witness, who stated that he conducted the proceedings on behalf of the defendant; and that it was his impression and belief that the defect was discovered pending the proceedings, and on the day appointed for the creditors to show cause, and that the officer then sitting to hear the application allowed the defect to be supplied, and that another affidavit was then supplied, but that no written order was made or entered in the proceedings. The defence was, nevertheless, overruled, and the jury were directed to find a verdict for the plaintiff.

The general doctrine, that where there is a want of jurisdiction in the officer to grant the discharge of an insolvent,

that defect is available at all times, in all places and by any party prejudiced thereby, is not questioned.

The officer before whom proceedings are conducted under this act exercises a special jurisdiction, acquired only in the mode prescribed by the statute; and if any essential prerequisite is wanting, his acts are a nullity. (*Muzzy* v. *Whitney*, 10 J. R. 225; *Miller* v. *Brinckerhoff*, 4 Denio, 120; *Staples* v. *Fairchild*, 3 Comst. 41; *Van Allstyne* v. *Ervine*, 1 Kernan, 331–5; *In the Matter of Hurst*, 9 Wend. 465.) And this objection is fatal in whatever form the question arises. Want of jurisdiction makes the act void.

This is true, notwithstanding the provisions of section 19 of article 7th of the same title, which declares that the discharge " shall be conclusive evidence of the proceedings and facts therein contained;" and the case of *Staples* v. *Fairchild*, and *The Matter of Hurst*, above referred to, apply this to attachments against absconding debtors, where the effect of the appointment of trustees is discussed, in view of similar language in 2 Rev. Stat. 13, § 62.

The statute now in question requires that a petition shall be signed by the insolvent and the petitioning creditors; that the petition shall be accompanied by the affidavits of the petitioning creditors; and that there shall be annexed to and be delivered to the officer, with the petition, the schedule containing an inventory account, and various particulars mentioned in the statute. And by section 7, " An affidavit (in a form prescribed) shall be annexed to the said petition, account and inventory, and shall be sworn to and subscribed in the presence of such officer, who shall certify the same."

When this is done, then—and not until then, in my judgment—the statute authorizes the officer to take the very first step in the proceeding tending to affect the interests of third persons. All this is preliminary and essential to the very institution of the proceeding itself; for the statute provides, that " the officer receiving such petition, schedule and affidavit, shall make an order" requiring the creditors to show cause, &c.

Small *v.* Wheaton.

He has, undoubtedly, by the very terms of the statute, authority to receive the petition; for, by section 6, it may be presented to him. He has authority to administer the oath to the insolvent, and to certify the affidavit; for, by section 7, that must be done. But it is the completion of these preliminary steps that creates his jurisdiction to do any act affecting third parties. It is, by the order to show cause, and its publication, which, in this statute, are in the nature of process, that he acquires jurisdiction over creditors and their rights. Hence, it is held in *Slidell* v. *McCrea*, 1 Wend. 156, that the omission in the schedules of a statute requisite, viz., a failure to specify the consideration upon which the debts were contracted, renders the discharge granted thereupon void. And it was so declared, when set up as a defence to an action of assumpsit, afterwards prosecuted by a creditor. And the same decision was made in a like case—*McNair* v. *Gilbert*, 3 Wend. 344.

So it was held that advertisement for ten weeks, pursuant to the order to show cause, is necessary to give the officer jurisdiction; of course not necessary to give him jurisdiction to make the order to show cause, but to give him jurisdiction to proceed to a discharge. And a second order, viz., an order for an assignment having been made before the defect in the advertisement was discovered, the court say that order was a nullity. (*In the Matter of Underwood*, 3 Cow. 59.)

And that not only must there be due publication, but that due proof thereof must be furnished to the officer, otherwise he has no jurisdiction to grant the discharge, is distinctly held by the Supreme Court in *Stanton* v. *Ellis*, 16 Barb. 319, and cases there cited.

These cases show that there are certain jurisdictional prerequisites, without which (notwithstanding the authority o: the officer to receive the petition) he gains no jurisdictio₁ of the subject matter of contest, the rights of creditors, o over the parties who are to be affected by the proceedin₁ when consummated. There is, in a sense, a jurisdiction ove

Small *v.* Wheaton.

the persons of the creditors, and over all the creditors to be affected, and over the debts sought to be discharged, which the officer must acquire before his jurisdiction becomes operative to bind any one; and the authority he has to receive the petition, to administer the oath and to make the order to show cause, may all fail of effect, if that authority is not made available to bring the creditors before the officer, by a conformity to the statute, in the step necessary to that end. That this is so appears from the provisions of section 12, which make it indispensable that before any other proceedings be had, i. e., before the parties are heard at all, (either petitioner or creditors,) the officer shall require proof of the due publication of the notice. I am aware that it is unnecessary to go to this length in discussing the present case, and yet it bears somewhat upon the considerations urged upon us by the counsel for the defendant on the argument; and it appears to me that the reasoning of Mr. Justice GRIDLEY on the subject, in *Stanton* v. *Ellis*, above referred to, is sound. It may be superfluous to add, that if so, it is conclusive in this cause.

But, as before remarked, the omission of the officer to administer the oath to the petitioner, to have the petitioner in his presence, and to certify the same, goes back to the very beginning of the officer's authority. The statute has prescribed this formal act to be done with a form and solemnity analogous to proceedings required to be had in open court; and the importance attached to it is further indicated by prescribing the very form and words of the affidavit. To sustain a discharge under such circumstances, would be to dispense with this affidavit so specifically prescribed, for the circumstance that an affidavit, sworn before a commissioner of deeds, was produced, avails nothing. We had no authority to take this affidavit for such a purpose. So far as this proceeding depends upon it, the affidavit so sworn was a nullity. (See *Stanton* v. *Ellis*, *supra*, and cases there cited.)

It is urged, however, that it appeared by the evidence that the present plaintiff appeared and opposed the discharge, and

is therefore precluded. Where an officer has no jurisdiction to hear and determine, the appearance of the parties does not confer it. Defects of notice, where no one but the appearing parties are to be affected, may be waived. Here, there was not only no authority to entertain the proceeding until these preliminary steps were complied with, or for any purpose save the mere presentation of the petition, but the creditors at large, appearing and not appearing, as well the petitioning creditors as the others, were to be affected. The whole proceeding contemplates a valid assignment, and a discharge founded thereon; the appointment of trustees, and a jurisdiction of the Supreme Court and Court of Common Pleas over them, and that all creditors shall be alike affected by all that is done in the matter. And if jurisdiction fails, the object and design of the proceeding and of the statute in authorizing it fails; and hence it is held, in *McNair* v. *Gilbert*, 3 Wend. 344, that where in an action to which the discharge was set up as a defence, and the discharge was held void for want of jurisdiction to grant it—by reason of the failure to specify in the schedules the consideration of the indebtedness as above referred to—the petitioning creditors might avail themselves of this objection to the discharge; and such was the character of the plaintiff in that case; much more, then, may a creditor who has never assented to the discharge directly nor provisionally. It is true that a creditor may place himself in a position in the action wherein the discharge is set up as a defence, in which he admits the jurisdiction of the officer, as where he replies to an answer setting up the discharge that it was procured by fraud. (*Ayers* v. *Scribner*, 17 Wend. 407; *Sewell* v. *Graves*, 7 Barb. 580.) And if the history of the trial and contemplated attack upon this discharge was as stated in the argument, it is quite probable that this plaintiff would have placed himself in that situation if the legislature had not dispensed with a replication, and so left the discharge open to be attacked upon any ground. But those cases proceed upon the ground, not that the creditor is not at liberty to impeach the discharge for want of jurisdic-

tion in the officer to grant it, but that having chosen his ground and replied *per fraudem*, he, for the purposes of the action, waives any other ground of attack or impeachment, and impliedly admits the jurisdiction.

It is next urged that the defect was amendable. What I have already suggested seems to me a conclusive answer; for if I am correct in that, then the officer was acting without jurisdiction when the parties appeared before him. In virtue of what had been done, he had no authority to make any order in the premises. I do not mean that the petitioner had lost the right to apply for his discharge, and, on complying with the statute, obtain it, or that for that purpose he could not be permitted to use the same petition, schedules and affidavits of the petitioning creditors; but I do mean, that the use which he might make of them, and of the affidavit which he might then make before the officer, would be in form and effect a new presentation of his petition, and would require a compliance with all the requisites to bring the creditors before the officers to show cause. I am aware, that *In the Matter of Hurst*, 7 Wend. 240, it appears that the insolvent was permitted to amend the inventory of his debts by inserting therein the consideration of the petitioner's indebtedness. The brief report of that case does not indicate that great importance was attached to the inquiry into the power to allow such an amendment, since the discharge was held void upon another and more obvious ground, to wit, fraud in the confession of a judgment in contemplation of the application, but to the extent of that decision we must undoubtedly regard ourselves as bound thereby. I am not willing, however, to carry the power of amendment any further than that case plainly requires. Suppose no inventory whatever had been annexed to or delivered with the petition, it could not, in my judgment, with any show of propriety, be claimed that the inventory could be supplied on the hearing. If the petitioner may then, for the first time, produce the inventory, why not then first produce the affidavit of the petitioning creditors, or then first produce the account of his estate, or any or even

all the papers, which by section eight the officer should "receive" before making the order to show cause? It may be, and such undoubtedly is the effect of the case cited, that when the petitioner does in part comply with former requisites in each prescribed particular, an omission of some of the details, under some one or more particulars, may be supplied, but it does by no means follow that a failure to produce at all one of the statements specifically named by the statute, can be cured. It may be that one of the statements required by the statute may be amended, and yet that the omission of the statute would be fatal.

To my mind, the officer has no more authority to proceed to order the creditors to show cause without first administering the oath, than he would have to make such an order without receiving the petition itself.

But it is further insisted, that if the defect was supplied, and the oath was duly administered, (and upon the evidence it is claimed to have been proved that this was done, although no affidavit appears among the proceedings, it being for this purpose assumed that such affidavit is lost,) then the petitioner was in all respects rightly before the officer, his jurisdiction was complete, and this being shown, it was wholly unnecessary for the defendant to do any thing more than produce his discharge; that the court on this trial ought to have presumed that all the intermediate steps were rightly taken, or that, having jurisdiction, any subsequent acts, however defective, were merely irregular, and therefore, even if they might have been set aside on *certiorari*, they were not void, and the discharge cannot be, for this cause, impeached collaterally.

In the first place, if the authorities above referred to are correct, the officer did not obtain jurisdiction to grant the discharge without making an order to show cause, and without due publication and notice thereof. These steps were also essential to his jurisdiction for that purpose; and this view is only in accordance with the fundamental principle, that no person shall be deprived of his personal or pecuniary

rights without an opportunity to be heard for their protection, and this applies with full force to all creditors who did not appear, and would defeat the purpose and object of the proceeding as to the petitioning creditors, and render the proceeding inoperative, as before suggested.

Secondly, no new order to show cause was made; and this is apparent, as well because the answer of the defendant herein sets up no discharge founded on such new presentation of the petitioner, as because the discharge which is set up in the answer is distinctly averred to have been granted in the proceedings begun by the presentation of the defendant's petition to Thomas J. Oakley, Chief Justice, on the 29th day of April, 1848, and the authentication before him, then presented, "and such proceedings were thereupon had," &c. Again, the proceedings given in evidence failed to support the discharge on their face. The defendant is not at liberty to ask the court to speculate, or to intend that there was another proceeding, begun at a later day, to which this discharge is referable, and which would, if produced, sustain it, without producing it in evidence or accounting for its nonproduction. If proof that it was not so be admissible, (and some proof on the subject was in fact given,) there was no order to show cause made. The proceeding was in this respect just as the proceeding appears by the files. If any new affidavit was made, no further notice was taken thereof, but the discharge was founded upon the original presentation of the petition, as it is alleged to be in the defendant's answer.

My own conclusion is, that if a new affidavit was made, all that was done which could affect the creditors before such affidavit was made, was *coram non judice ;* that the attempted proceeding before Chief Justice Oakley, was of no force or effect; and that without a new order to show cause, no discharge could be granted which affected the creditors or any of them, and that not only does no such order appear, but that it does, upon these pleadings and proofs, conclusively appear, that none such was made.

Upon the question whether there was any sufficient evi-

dence to be submitted to the jury, to show that the proceedings were attempted to be amended, or that a new affidavit was ever made, or being made was lost, it is unnecessary to decide, if the views above expressed are sound; but I am constrained to say, that if records, or what in reference to these proceedings must be regarded as records, can be mended and their deficiencies supplied by evidence so vague and unsatisfactory as was given on the trial herein, and the jury be permitted to speculate upon the contents thereof, and the probability of loss under the circumstances exhibited on the trial, the conclusiveness of records, and the certainty of evidence derived therefrom, is of slight value.

In my opinion the ruling on the trial was correct, and the motion for a new trial should be denied, and the plaintiff should be permitted to perfect his judgment, if that has not already been done.