WRIGHT AND JAMES W. GILLIES *v.* JOSEPH CRAWFORD.

The provisions of the Two Thirds Act (3 R. S., 5 ed., 93, sec. 7,) which require the petition of the insolvent to the judge, to be accompanied by the affidavit of each petitioning creditor, stating the nature of his demand, with the general ground and consideration of such indebtedness, is not complied with by an affidavit merely stating a sum to be justly due from the insolvent for two promissory notes, given for an amount specified.

And where the affidavit of one of the petitioning creditors, whose demand was necessary to be included to make up the required two thirds in amount of all the debts owing by the insolvent, gave no other statement of indebtedness; *held*, that the judge to whom the petition was presented acquired no jurisdiction to proceed under the act, and the discharge granted by him was void.

*It seems*, that if the insolvent, in his petition, or the petitioning creditor fails to set forth the consideration of the indebtedness, the omission, in either case, is subject to the same rule of law; and the judge to whom the petition may be presented will acquire no jurisdiction to proceed under the act referred to.

APPEAL from a judgment of the District Court for the sixth district. The defendant set up, as a defence to the action, a discharge under the Two Thirds Act; the justice held the defence established, and gave judgment in his favor. The plaintiff appealed. The grounds of objection to the discharge are fully stated in the opinion. It should, perhaps, be mentioned, in addition to the facts there stated, that it appeared by the proceedings to obtain the discharge, that the defendant's whole indebtedness was over $40,000, and there were petitioning creditors to the amount of $28,000. The notes held by William Crawford, who was one of those petitioning, amounted to $4,500; so that, excluding his claim, the two thirds in amount of the creditors did not join in the defendant's petition.

*Luther R. Marsh and Stephen B. Brague,* for the appellant.

I. The discharge is void, because William Crawford, one of the petitioning creditors, did not specify what his claim was for, but merely said that he held two notes. " The affidavit of the petitioning creditor shall state (among other things) the nature

of the demand, and whether arising on any written security or otherwise, with the general ground and consideration of such indebtedness." 2 R. S., p. 199, § 7 ; *Matter of Cook*, 15 J. R. 183 ; *Dupuy* v. *Swart*, 3 Wend. 135, 344. A specification that a debt is due on a promissory note, without setting forth the consideration thereof, is insufficient. *Slidell* v. *Crea*, 1 Wend. 156.

II. Crawford's whole indebtedness amounted to over $40,000, about $28,000 petitioned ; deduct $4,500, the two notes held by William Crawford, and it will leave only $23,500 as petitioning —not two thirds of his indebtedness.

. III. The affidavit of the publication of the notice to creditors in a New York paper, should have been made by some one connected with the paper. 2 R. S., p. 648, § 69.

IV. The affidavit of service of notices on creditors, should have been sworn to before the officer who granted the discharge. *Stanton* v. *Ellis*, 16 Barb. 319 ; 2 Abbott, 178 ; 2 Kernan, 577.

*C. Patterson*, for the respondent.

By the Court, BRADY, J.—The defendant pleaded and proved a discharge from his debts, granted by the Hon. MURRAY HOFFMAN, one of the justices of the Superior Court of this city, on his application, accompanied by that of his creditors. The plaintiffs then produced, proved and put in evidence the papers on file in the office of the clerk of this county relative to the discharge, and interposed several objections affecting the validity of the discharge. One of these objections was that the affidavit of William Crawford, one of the petitioning creditors, did not state the nature of the demand, with the general ground and consideration of the indebtedness. The objection is fatal. The affidavit of Crawford states that the sum annexed to his name is justly due to him from the insolvent, for two promissory notes, one of $2,000, and one of $2,550.91. The statute requires the petitioner to annex to, and deliver with his petition, a full and true account of all his creditors ; and, among other things, the true cause and consideration of his indebtedness in each case, and

the place where such indebtedness accrued. 2 R. S. 200, § 8, (4th edition.) And by the 7th section of the same statute it is provided that every such petition shall be accompanied by an affidavit of each petitioning creditor, which shall state, among other things, " the nature of the demand, and whether arising on any written security, or otherwise, with the general ground and consideration of such indebtedness." The affidavit of Crawford does not conform to this provision, and Justice HOFFMAN never acquired jurisdiction. Something more should be stated than that the debt was due on a note,—Per SAVAGE, Ch. J. *Slidell* v. *McCrea*, 1 Wendell, 156. See also *In the matter of Cook*, 15 John. Rep. 183; *McNair* v. *Gilbert*, 3 Wendell, 344; *Stanton* v. *Ellis*, 2 Kernan, 575.

The statute requires, as we have seen, that the petitioner and petitioning creditor should set forth the consideration of the indebtedness; and the omission in either case is subject to the same rule of law. It may be said, perhaps, and with much propriety, that greater strictness should be required of the creditor in the statement referred to, to prevent frauds that might otherwise be consummated. It is not necessary, however, to assign any reasons to show the utility of this view. It is enough that the statute has declared that a thing must be done which has not been done, and the judgment must be reversed.

Judgment reversed.