## New York Marine Court.

*Special Term—November* 9, 1877.

## JACOB BAMBERG, ET AL., *against* JACOB STERN.

Debts fraudulently contracted are not discharged by a composition in bankruptcy.*

Motion for a perpetual stay of execution.

This action was commenced on December 13, 1876. The complaint was the ordinary one for goods sold and delivered. The plaintiffs, upon affidavits alleging that the sale was procured by means of false representations, procured an order of arrest against the defendant. On affidavits denying the fraud, the defendant moved to vacate the order of arrest, which motion was denied on the merits.

Thereafter, and on February 17, 1877, a composition in bankruptcy, between the defendant and his creditors, was perfected by the confirmation of the federal court, and an entry of the composition was made, and the names, address and amount of debt due the plaintiffs were stated in the schedules of the bankrupt (the defendant herein), as required by the statute in such case made and provided.

The defendant thereupon moved this court at special term thereof for a perpetual stay of execution, upon papers showing the facts above mentioned. This application was denied in the following opinion, filed November 9, 1877.

---

* *Fraus et dolus nemini patrocinari debent.*

The bankruptcy act was aimed at fraud (Court of Appeals, 66 *N. Y.* 603). Its intent was to permit the honest bankrupt to give up his assets, to divide them *pro rata* among his creditors, and to get a discharge from his debts *honestly* contracted (Court of Appeals, 53 *N. Y.* 123).

Bamberg v. Stern.

*Wm. Strauss*, for motion.

*Hart & Bamberger*, opposed. .

McADAM, J.—The defendant applies to the court for a perpetual stay of execution herein, upon the ground that the cause of action and judgment have been discharged under proceedings for composition in bankruptcy.

No informality in the composition proceedings is alleged, and no defect pointed out, except an error in regard to the amount of the plaintiff's claim. This is not fatal in the absence of proof that it was fraudulently made (Beebe *v.* Pyle, 1 *Abb. N. C.* 412 ; Small *v.* Graves, 7 *Barb.* 576 ; Stanton *v.* Ellis, 12 *N. Y.* 575 ; 7 *Robt.* 233).

Under the circumstances disclosed in the papers, the application is made in time, and the remedy by motion for a perpetual stay is regular (Monroe *v.* Upton, 50 *N. Y.* 595, which is in affirmance of point decided in Baker *v.* Taylor, 1 *Cow.* 165 ; Palmer *v.* Hutchins, 1 *Id.* 42 ; 3 *N. Y.* 216 ; 38 *Id.* 253 ; 59 *Id.* 240 ; 8 *Cow.* 96 ; 6 *Hill*, 246, 254). Upon the merits, however, I have concluded to dispose of the motion adversely to the defendant, upon the ground of fraud in contracting the debt ; and this notwithstanding the fact that the supreme court of New Hampshire (16 *Nat. Bank. Reg.* 205) held that provable debts, although created by fraud, are discharged by a composition in bankruptcy. The court, in that case, based its decision upon the theory that the statute authorizing the composition does not exempt from its operation any class of debts, and that by the adoption of the resolution for the composition, and its approval by the court, and the payment of the amount proposed, the claims of all whose names, residences, and the amount of whose debts appear in the statement (whether fraudulently con-

tracted or otherwise) are absolutely discharged, and all right of action thereon forever barred.

That no other discharge is necessary. That the record of the adoption of the resolution, and the evidence of payment of the specified percentage, are all that is required to extinguish the bankrupt's debts (citing· *In re* Bechet, 12 *Nat. Bank. Reg.* 201 ; *In re* Trafton, 14 *Id.* 508).

I concur in the above decision, except as to debts fraudulently contracted, and as to such debts I hold and decide that the composition is inoperative, unless the creditor assents to it in some way, whereby he· legally waives the fraud and becomes a mere contract creditor. As I have disagreed with the conclusion reached by the supreme court, upon the main point decided in the case cited (16 *Nat. Bank. Reg.* 205), my reasons for such dissent are properly called for, and necessarily depend upon the construction to be placed upon the acts under consideration.

The statutes of the United States bearing upon this question are :

1. "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867 (*U. S. Laws of* 1867, c. 176 ; 14 *Stat. at L.* pp. 517, 541).

2. The revised statutes of the United States, approved June 22, 1874 (§§ 4972, 5132).

3. "An act to amend and supplement an act, entitled an act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867, and for other purposes, approved June 22, 1874 (*U. S. Laws of* 1874, c. 390 ; 18 *Stat. at L.* p. 178).

Section 17 of the law last cited, entitled "An act to amend and supplement" the act of 1867, contains the provisions for composition with creditors, which it provides are to be added to section 43 of the act supplemented.

Bamberg *v.* Stern.

Section 43 of the said act is section 5103 of the revised statutes.

The plaintiffs herein never joined in nor consented to the composition in any form, and have accepted no benefit under it.

The claim made by the defendant, that the plaintiffs' debt is barred by a composition to which they were not actual (if constructive) parties, and did not consent, is based on the last provision of the fourth paragraph of section 17. It is as follows :

" The provisions of a composition, accepted by such resolution, in pursuance of this section, shall be binding on all creditors whose names and addresses, and the amounts of the debts due to whom, and shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors."

This provision I hold must be construed with the following, which is contained in section 5117 of the U. S. revised statutes (*Act of* 1867, § 33 ; 14 *Stat. at L.* 533):\*

" No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt."

Unless this were so, any debt, whether created by fraud or embezzlement, defalcation or fiduciary trust, would all of them be discharged by the composition, without the creditor's consent and against his will. No such result was ever contemplated. The composition with creditors allowed by the statute is a pro-

---

\* *Ubi eadem ratio ibi eadem lex ; et de similibus idem est judicium. Ex precedentibus et consequentibus optima fit interpretatio.*

ceeding in bankruptcy. It is only as such that Congress has power to authorize it (*In re* Reiman, 11 *N. B. R.* 21 ; S. C. in U. S. Circuit Court, 12 *Blatchf.* 562, 566).*

It is a familiar rule of construction that all acts in *pari materia* are to be taken together as if they were in one law (Rogers *v.* Bradshaw, 20 *Johns.* 735, 744 ; McCartee *v.* Orphan Asylum, 9 *Cow.* 437, 507 ; Perkins *v,* Perkins, 62 *Barb.* 531, 534). And that an amendment is to be construed as part of the original statute, and the provisions of both are to be so construed that all will be operative if possible (People *v.* Asten, 49 *How.* 417 ; *Potter's Dwarris' Statutes*, 145 ; Harrell *v.* Harrell, 8 *Fla.* 46), for repeals by implication are not favored (United States *v.* Tysen, 11 *Wall.* 88 ; Bowen *v.* Lease, 5 *Hill*, 221, 226 ; Williams *v.* Potter, 2 *Barb.* 316 ; People *v.* Deming, 1 *Hilt.* 271 ; Mayor, &c. *v.* Walker, 4 *E. D. Smith*, 258). These principles are illustrated in Ansonia Brass & Copper Co. *v.* N. Y. Lamp Chimney Co. (53 *N. Y.* 123), in which the court of appeals had occasion to construe section 21 of the bankruptcy act, and in doing so, said (FOLGER, J.): " This 21st section may not stand alone. It is to be read and applied in connection with every other section of the act. All must have their due and conjoint effect ; each must be so far qualified and limited by the other, as that all may have operation in harmony, if so it may be, and

---

* Congress has clearly no power to declare what shall be accepted as an accord and satisfaction of debts due to the citizens of the several States, except under the power to establish a uniform system of bankruptcy (*U. S. Const.* art. 1, § 8, subd. 4). Jurisdiction to entertain proceedings for a composition under the act of 1874 is conferred upon the United States courts only in " bankruptcy proceedings," and as part of the bankruptcy system authorized by the constitution. Proceedings for a composition are voluntary as to those who actually join in and assent to them, and are involuntary as to all others.

Bamberg v. Stern.

each must be kept in subserviency to the general intent of the whole enactment.

"The intent of the act is to permit the *honest* bankrupt, being a natural person, to give up all his assets, to divide them *pro rata* among his creditors, and to get a discharge from his debts honestly contracted."

So much for the question of construction. And now for the application of the rule to this case. The defendant herein was arrested for fraudulently contracting the debt. The cause of action was for goods sold and delivered. The ground of arrest was extraneous to the cause of action, and the allegations of fraud did not belong to the complaint (Lee *v.* Elias, 3 *Sandf.* [5 *N. Y. Superior Ct.*] 736 ; Corwin *v.* Freeland, 6 *N. Y.* 563, 565; Wood *v.* Henry, 40 *Id.* 124 ; Elwood *v.* Gardner, 45 *Id.* 349 ; 12 *How.* 331 ; 13 *Id.* 231 ; 59 *N. Y.* 156), and were appropriately stated in the affidavit to procure the arrest.* A motion was made to vacate the arrest ; it was denied, and the arrest was sustained. Fraud was, therefore, judicially established, according to the practice of the courts of this State.†

This fraud renders the discharge under the composition inoperative as to the plaintiffs' debt (*vide* the statute as before construed ; *Bump on Bankruptcy*, 8 ed. 722, 723–726, and cases cited). It follows, therefore, that the application for a perpetual stay must be denied, with $10 costs.

The decision was reversed by the marine court, general term, and such reversal was affirmed by the N. Y. common pleas, general term (18 *Bankr. Regr.* 74). These two adjudications were overturned and

---

* This was decided before the new Code changed the rule of pleading.

† Judge Nixon, of the U. S. Court of N. J., *held* (17 *B. R.* 123), that the State court in authorizing the arrest decided the question of fraud, and that its decision could not be impeached collaterally in the U. S. court.

the rule laid down by Justice McADAM reinstated, by the following cases.

1. By the Massachusetts supreme court (124 *Mass.* 493).
2. By the New Jersey supreme court (11 *Vroom*, 83).
3. By the New York supreme court (14 *Hun.*, 120; 18 *Id.* 567).
4. By the N. Y. superior court, VAN VORST, J.
5. By the N. Y. court of appeals (13 *Rep.* 211).
6. By the U. S. supreme court (103 *U. S.* 217).