Seaman agt. McReynolds.

---

## N. Y. SUPERIOR COURT.

### ROBERT SEAMAN agt. ANTHONY McREYNOLDS.

*Bankruptcy — Judgments — When motion to cancel judgments against a bankrupt will be denied — Code of Civil Procedure, section 1268.*

A judgment against a bankrupt will not be discharged under section 1268 of the Code of Civil Procedure where it appears by affidavit that the judgment was recovered not against defendant alone, but jointly with another and is not the judgment covered by the discharge of the bankrupt, and that plaintiff had no knowledge, actual or constructive, of the bankruptcy proceedings, that he was not named in the proceedings as a creditor and that the omission of the name of plaintiff as a creditor and the substitution of a similar name was with fraudulent intent.

*Special Term, August*, 1883.

MOTION under section 1268 of the Code to cancel and discharge of record judgments in favor of plaintiff, and against defendant, recovered in this court — one on May 28, 1875, for $1,591.36, and another for $436.04, on March 25, 1876 — by reason of defendant's discharge in bankruptcy on October 15, 1880.

O'GORMAN, *J.* — The following objections are raised by affidavit on part of the plaintiff :

*First.* That the judgments were recovered, not against defendant alone, but jointly with Thomas O'Callaghan, and are not the judgments covered by the discharge of the bankrupt.

*Second.* That plaintiff had no knowledge, actual or constructive, of the bankruptcy proceedings and no notice was served on or mailed to him, although he was a well known resident of the city of New York; that he was not named in the proceedings as a creditor, but that one " William Seaman " was named as a judgment creditor, and notice appears to have been mailed to that name; and that the omission of the name of, the plaintiff as a creditor and the substitution of the name " William Seaman " was fraudulent and for the purpose of obtaining a discharge in bankruptcy without opposition.

The objections are well taken. The irregularity and omissions of the judgment debtor, with the fraudulent intent alleged in the affidavit of the plaintiff, vitiate the discharge in bankruptcy and render it invalid as to the judgments recovered by the plaintiff (*See Hillard on Bankruptcy, secs.* 23, 24, 25, 38: *Small* agt. *Graves,* 7 *Barb.,* 576; *Ayres* agt. *Scribner,* 17 *Wend.,* 407).

The motions to cancel the judgments are denied, with ten dollars costs.