### CROUSE et al. v. WHITTLESEY.

*(Supreme Court, General Term, Fourth Department. October 3, 1891.)*

**1. BANKRUPTCY—ATTACK ON DISCHARGE ON MOTION IN STATE COURT.**

The remedy given by Rev. St. U. S. § 5120, providing for contesting the validity of a discharge in bankruptcy for fraud, within two years, by reason of certain acts enumerated in section 5110, as grounds for invalidating the discharge, is exclusive only when the invalidity is based on one or more of the grounds therein specified; and when the fraud is based on any other ground, or it is claimed that the court which granted it was without jurisdiction, the discharge may be attacked by a judgment creditor, on the hearing of a motion by the bankrupt to discharge a judgment from record, made under Code Civil Proc. N. Y. § 1268, providing for such motion in the court in which the judgment was rendered.

**2. SAME—PRACTICE.**

In such case the court should order a reference to take and report the evidence of the parties, with the opinion of the referee.

Appeal from special term, Onondaga county.

Motion by Walter Whittlesey, a judgment debtor, to procure the judgment to be discharged of record, on the ground that he had been discharged in bankruptcy from the payment thereof. A discharge in bankruptcy had been granted, which, if valid, was sufficient to discharge the judgment and entitle the movant to the relief asked, but the judgment creditors claimed that the discharge was invalid because of want of jurisdiction in the court which granted it, and for fraud in procuring it. The motion was made under Code Civil Proc. N. Y. § 1268, which provides that at any time within two years from his discharge, a bankrupt may apply, upon proof of his discharge, to the court in which a judgment was rendered against him for an order directing the judgment to be discharged of record. .

The court, upon affidavits and papers presented to it, held the discharge invalid, and denied the motion. The movant appeals. . Reversed.

Argued before HARDIN, P. J,, and MERWIN and WILLIAMS, JJ.

C. D. Adams, for appellant. G. W. Adams, for respondents.

WILLIAMS, J. It is provided by Rev. St. U. S. § 5119, that "the certificate [of discharge] shall be conclusive evidence in favor of such bankrupt of the fact and regularity of such discharge." And then provision is made by section 5120 for contesting the validity of the discharge for fraud within two years, by reason of any of the acts specified in section 5110 as grounds for refusing or invalidating the discharge. It has been held in this state that the remedy given by section 5120 is exclusive in the district court only where the invalidity of the discharge is based on one or more of the grounds of fraud specified in section 5110, and a discharge may be attacked in a state court for fraud based upon any other ground, and also for want of jurisdiction in the court granting it. *Poillon* v. *Lawrence*, 77 N. Y. 207. The attack was, in that case, made in an action, but I can perceive no reason why it may not be done as well on a motion, under this section of the Code of Procedure. Such attack was made and resulted in the defeat of such a motion, in the superior court of New York city, special term. *Seaman* v. *McReynolds*, 65 How. Pr. 521. The question of power to settle the question of the validity of the discharge on motion, however, does not seem to have been considered. There are some cases holding that the validity of discharges should not be tried upon motions. *Bangs* v. *Strong*, 1 Denio, 619; *Robens* v. *Sweet*, 1 N. Y. Supp. 839, and the cases therein cited and referred to. None of these cases were motions under this section of the Code of Civil Procedure. They were motions to set aside executions or supplemental proceedings based upon judgments alleged to have been discharged; and it was held the motions should be practically held to await the determination of the validity of the discharge in actions to be brought upon the judgments. While the principle involved in those cases is very similar to the one here involved,

yet this motion, unlike those referred to, is expressly provided for by the legislature, and the intention would seem to be obvious to provide by this section for a full and complete determination of all matters involved in the relief sought for. The power to attack these discharges exists in the state courts; and when, therefore, the validity of a discharge is questioned in a proceeding under this statute, I see no reason why the court may not in the same proceeding settle the question as to the validity of the discharge which stands in the way of granting the relief sought. It would be a great hardship to the parties to be driven to an action, with its attendant expense and delays, to procure a determination of this question. There is really no necessity for it, and no reason why the question cannot as well be settled in the proceeding under the section of the Code itself. The court should be careful to provide for a full, fair opportunity to litigate the question, and the better practice is to order a reference to take and report the evidence of the parties, with the opinion of the referee. In this case new papers are presented in this court, which at least create a doubt as to whether a correct conclusion was reached by the court below as to the facts. I think a proper disposition of this appeal is to reverse the order appealed from, and direct the entry of an order of reference, to take proofs of both parties as to the validity of the discharge, and report the same with the opinion of the referee, the motion to be further heard at special term upon the coming in of such a report; and no costs or disbursements of the appeal should be allowed.

MERWIN, J., concurs.

HARDIN, P. J., (concurring.) I think the order should be reversed. Inasmuch as all the record evidence was not before the special term which the debtor has in regard to the discharge, and he did not have an opportunity to meet and explain or contradict the affidavits read by the plaintiffs, it is reasonable that upon a reference the facts should be ascertained before final action is had upon the motion. I agree with Justice WILLIAMS in ordering a reference to take proofs, and when they are taken by the referee, and he has expressed his opinion thereon, the motion should be further heard by the special term, when it can be determined whether the motion should prevail. I suggest a reversal of the order, without costs to either party of the appeal, and a reference to take proofs and report with his opinion to a special term, when the motion should be heard upon eight days' notice.