ALBANY,
October, 1829.

McNair
v.
Gilbert.

Where the existence and amount, and loss or destruction of promissory notes is shewn, and it does not appear affirmatively that the notes were *negotiable*, the plaintiff is entitled to recover on the *lost* notes.

The moral obligation resting upon a debtor who has obtained an insolvent's discharge, is a good consideration for a subsequent promise to pay a debt.

A promise to a *petitioning creditor* is equally valid as to an opposing creditor.

The omission by an insolvent to state the cause or consideration of his indebtedness to his creditors, vitiates his discharge.

A variance between a bill of particulars and the evidence produced will not be regarded, unless the bill was calculated to mislead.

## McNair *vs.* Gilbert.

This was an action of *assumpsit*, tried at the Oswego circuit, in December, 1827, before the Hon. Nathan Williams, one of the circuit judges.

The declaration contained the common money counts. The defendants pleaded, 1. Non assumpsit; 2. Non assumpsit infra sex annos; and 3. An insolvent discharge under the act of 1813, obtained 27th April, 1818. The plaintiff took issue upon the second plea, and to the third replied a new promise; which the defendant denied by a rejoinder. On the trial of the cause the plaintiff claimed to recover upon four promissory notes, three bearing date 11th August, 1817, amounting together to the sum of $133,50, and a fourth bearing date 7th November, 1815, for $19,56; and to prove the notes, offered in evidence the *insolvent papers* of the defendant on file in the clerk's office of the county of Oswego; which were objected to by the defendant, but received by the judge. From these papers it appeared that the defendant, in the account of his creditors, acknowledged his indebtedness to the plaintiff in the sum of $173,06, but omitted to state the consideration of such indebtedness; the plaintiff was a petitioning creditor; among the affidavits of petitioning creditors presented to the judge who granted the defendant's discharge, was the affidavit of the plaintiff stating the defendant to be indebted to him in the sum of $173,06, and describing the notes now claimed to be recovered; the plaintiff was appointed one of three assignees of the estate and effects of the insolvent. The plaintiff proved the loss or destruction of the notes, not being able to find them amongst his papers on the most diligent search. A son of the plaintiff also testified that on a similar search amongst the papers of his father, he had been unable to find them.

The plaintiff then offered to prove the new promise of the defendant to pay the note subsequent to the granting of the insolvent discharge. This evidence was objected to on vari-

ous grounds : 1. That the plaintiff was not entitled to recover upon *lost* notes, without shewing that they were *not* negotiable ; 2. That the plaintiff, having been a petitioning creditor for the discharge of the defendant as an insolvent debtor, his right of action was forever gone, and there was no consideration for the new promise; and 3. That there was a variance between the bill of particulars served on the defendant and the proof produced ; in the bill the notes being described as bearing interest from their date, and the proof not supporting the statement. The judge overruled the objections; reserving the questions, however, for the decision of this court. The plaintiff then proved the new promise by several witnesses, and the jury found a verdict for him for $292,16, allowing interest from the date of the defendant's account presented to the judge with his petition.

*J. A. Spencer*, for plaintiff. The demand was conclusively shewn by the affidavit of the plaintiff, adopted by the defendant on presenting his petition for a discharge, and acknowledged in his account of creditors.

The existence, contents and loss of the notes being shewn, the plaintiff was entitled to recover, it not appearing that the notes were *negotiable,* or had been endorsed. If such were the facts, they should have been shewn by the defendant. (10 Johns. R. 104.) Where it did appear that the note was negotiable, the plaintiff was not suffered to recover. (3 Cowen, 303.)

The moral obligation of the defendant to pay his debts, was a good consideration for the new promise. (Cowp. 290, 544. 7 Johns. R. 37. 14 id. 178. 1 Chitty's Pl. 40, note.)

The fact of the plaintiff having been a petitioning creditor and assignee, cannot vary his rights. The equitable duty to pay a petitioning creditor is as strong as to pay an opposing creditor. In either case, the debt is due in conscience, and the new promise revives the remedy.

There was no variance between the bill of particulars and the proof. At all events, the plaintiff was entiled to recover under the count of *insimul computassent* upon the defend-

ALBANY,
October, 1829.

McNair
v.
Gilbert.

ant's account of creditors, acknowledging an indebtedness in a specific sum.

The discharge was *void* in the defendant's omitting to state the cause and consideration of the plaintiff's debt. (Statutes, vol. 4, 46 b.)

*S. L. Edwards*, for defendant. The affidavit of the plaintiff accompanying the insolvent papers was inadmissible evidence. The plaintiff was thus allowed to establish his demand by his own oath.

It was not shewn that the notes were *destroyed;* they therefore may be *lost*, and in the hands of a third person, who may compel payment. If negotiable and lost, the plaintiff cannot recover upon them. (3 Cowen, 303.) In the absence of proof of the negotiability of a note, the court permitted a recovery in 10 Johns. R. 104: but the opinion in that case seems to be based upon the peculiar circumstances of the parties. The reason of the decision in 3 Cowen, 303, is opposed to the plaintiff's recovery here.

The plaintiff having been a petitioning creditor for the discharge of the defendant as an insolvent debtor, is differently situated from a creditor who did not petition. The debt of the latter is discharged by operation of law ; that of the former by voluntary release. By his act the creditor virtually agreed that if the defendant might be discharged, he would accept a dividend of his estate. The debt, therefore, is gone, and there is no consideration to support the new promise.

The papers produced did not shew that the notes drew interest : there was, therefore, a variance between the bill of particulars and the proof.

*By the Court*, SAVAGE, Ch. J. Slight variances between the bill of particulars and the evidence will not be regarded. The true rule on the subject seems to be, that variances are immaterial, unless they are calculated to mislead the defendant. Such an effect could not have been produced from the claim of interest in this case ; the objection was therefore properly overruled.

It did not appear whether the notes were negotiable or not. It seems to have been decided in this court, (10 Johns.

R. 104,) that where a note is shewn to be lost or destroyed, and the fact does not appear whether it was negotiable or not, the court will not presume it to have been negotiable ; but if it appears to be negotiable, the plaintiff cannot recover in a court of law. (3 Cowen, 303.) The plaintiff, therefore, having shewn the existence and amount, and loss or destruction of the notes, and it not appearing that they were negotiable, he is entitled to recover, unless he is barred either by the statute of limitations or the defendant's discharge.

That the plaintiff was a petitioning creditor and assignee of the defendant in his insolvent proceedings, can place him in no worse condition than any other creditor of the insolvent. Where an insolvent debtor receives a valid discharge under the statute, he is legally exonerated from the payment of his antecedent debts, but the moral obligation remains. This obligation is a sufficient consideration for a new promise. (Cowp. 290, 554. 7 Johns. R. 37. 14 id. 178. 1 Chitty, 40 n.)

The promise in this case was abundantly sufficient. It was a message to the plaintiff that the defendant would pay him his debt and all he owed him in a few days. This was enough in reference to either the plea of the statute or of the discharge. As to the discharge, however, it appears that the insolvent had neglected, in the account of his creditors, to state the consideration of his indebtedness to the plaintiff. This omission, by the act of 1817, renders the discharge absolutely void. I am of opinion, therefore, that none of the objections are well taken, and that the plaintiff is entitled to judgment.