NEW-YORK, May, 1831.

In the matter of Hurst.

---

In the matter H. HURST, an insolvent debtor.

An *insolvent's discharge* will be set aside as *fraudulent in law*, where the insolvent, in contemplation of obtaining a discharge confesses a judgment, on which his property is sold, although it be confessed to a *trustee* for the *benefit of all his creditors* without preference ; the judgment and sale under it being considered an assignment in *fraud* of the statute.

CERTIORARI in case of insolvency.　Hurst presented his petition in May, 1830, to a commissioner, to be discharged as an *insolvent debtor* from the payment of his debts.　On the day appointed for his creditors to shew cause, viz, in August, 1830, one of them appeared and objected to his discharge, on the ground that in the account of creditors exhibited, *the consideration* of the debts stated to be owing to several of them was not set forth.　The commissioner, on proof that the omission was by mistake, permitted the account to be amended.　The debtor was then sworn, at the request of the creditor, and examined, and it appeared that on the *same day* of presenting his petition, he *confessed a judgment* in favor of his mother, a woman 80 years old, which was forthwith entered up, an execution issued, and all his property, except some articles exempt by law, sold and nearly the whole of it bought in by his mother, and that it continues in his possession as before the sale. The property sold for about $200.　The mother of the debtor

NEW-YORK, is his principal creditor. The judgment was confessed with a
May, 1831. view, and preparatory to his application for a discharge as an
In the matter insolvent debtor, and was confessed to his mother, as a *trustee*
of Hurst. *for all his creditors,* without preference to any, and so express-
ed in the judgment. The commissioner granted a discharge,
and the creditor sued out a certiorari.

J. *L'Amourieux,* for creditor.

J. *V. N. Yates,* for insolvent.

*By the Court,* SAVAGE, Ch. J. The discharge of the in-
solvent is sought to be set aside, on the ground that the con-
fession of the judgment was a *fraud* upon the law, and on the
further ground that the proceedings should have been dismiss-
ed, because the consideration of the debts of some of the cred-
itors was not specified in the original inventory.

It seems to be an answer to the latter objection, that the pro-
ceedings were amended, and the consideration inserted in
the account before any investigation took place. Had the dis-
charge been granted upon the defective proceedings, it would
have been void, according to the act of 1817, Laws of 1817,
p. 46, § 11 ; 3 Wendell, 344 ; this defect is not enumerated
in the revised statutes, 2 R. S. 23, § 35, as one of the causes
which shall avoid a discharge after it has been granted. The
discharge, therefore, is valid, unless it be avoided for fraud,
or unless the proceedings shall be set aside on the first men-
tioned objection.

On that point it seems to me that the mode of proceeding
adopted in this case is against the policy of the statute, and if
not prohibited in terms, is so by necessary implication. Such a
proceeding is totally unnecessary, and cannot be intended to
benefit the creditors generally. The confession of the judg-
ment and the sale under the execution amount to an assign-
ment, and according to the testimony, is an assignment to the
principal creditor, for the benefit of the creditors at large. The
insolvent thus appoints the assignee, when, by the statute, the
assignee should be appointed by the creditors. The assignee
appointed by the insolvent takes no oath ; if appointed under

the statute, he does.   The former is accountable only in a court of chancery ; the latter may be required summarily to account.   The former controls only the property which is liable to execution : the latter  receives the whole, and is clothed with powers by the  statute  to  recover all debts and things in action, in like manner as  the insolvent before  his insolvency ; by the  statute, certain debts have  preference, 2 R. S. 46, § 32, which  preferance is avoided by  the  mode adopted in this case.    By the statute, too, the trustees are subject to the order of the  supreme  court, but  not in the present mode.    On the whole, it seems to me to be an effort on the part of the debtor, to make a different disposition of his property from that which the law makes in cases of insolvency,  and therefore in fraud of the law.

I am of opinion that the commissioner  erred, and  that his proceedings should be reversed.