1841.

Wood
v.
Bolard.

## WOOD and others *vs.* BOLARD and PICKARD.

Where a debtor, who had made an assignment of his property for the purpose
of defrauding his creditors, was proceeded against by one of the creditors
on account of that fraud, under the act to abolish imprisonment for debt
and to punish fraudulent debtors, and was convicted of such fraud; *Held,*
that a second assignment of his property, made by him after he was ar-
rested but before the decision of the judge upon his case, in which assign-
ment he had given a preference to his other creditors over the one who had
commenced such proceedings against him, was in fraud of the prosecution
against him under the statute, and was therefore void.

After an insolvent debtor has been arrested, under the fourth section of the
act to abolish imprisonment for debt, &c. he is not in a situation to make
a valid assignment of his property and to give preferences therein to others
of his creditors, to the injury of the prosecuting creditor; nor can he con-
fess a judgment in favor of some of his creditors, for the purpose of giving
such preferences.

January 25.      THIS was an appeal from a decree of the late vice chan-
cellor of the 8th circuit, setting aside two assignments of
the property of Bolard to Pickard, and a judgment given
by the former to the latter, as fraudulent and void; and
directing the judgment of the complainants against Bolard
to be paid by the defendant Pickard, the fraudulent assignee,
out of the assigned funds in his hands; together with the costs
of this suit. On the 6th of Jan., 1835, Bolard, the judgment
debtor, made an assignment of his property to Pickard;
which assignment was fraudulent under the decision in the
case of *Grover* v. *Wakeman,* and for other reasons. On
the 13th of the same month the complainants instituted
proceedings against Bolard, under the act to abolish im-
prisonment for debt and to punish fraudulent debtors, for
making a fraudulent assignment of his property to delay
and hinder his creditors in the collection of their debts;
and a warrant was issued against him, upon which he was
arrested the same day. On the next day Bolard was car-
ried before the judge who issued the warrant, and after a
hearing before him was found guilty of the fraud charged,
and was ordered to be committed; but having given the
bond required by the fifth subdivision of the tenth section

of the act, he was discharged. After the arrest of Bolard on the warrant, but before the decision against him was made, he executed a second assignment of his property to Pickard upon trusts somewhat different from those in the first assignment; but gave therein preferences to some of his creditors over others, and over the complainants in this cause. And he also executed to Pickard a bond and warrant of attorney, to enable him to enter a judgment and sell the property, for similar purposes. This last mentioned assignment, and the judgment, as well as the previous fraudulent assignment, were set aside by the decree of the vice chancellor in this cause.

*A. C. Bradley*, for the appellants.

*E. J. Chase*, for the respondents.

THE CHANCELLOR. I am inclined to think the second assignment and the bond and warrant were fraudulent and void as against the complainants and other creditors of Bolard who did not assent to the same; independent of the fact that they were made pending the proceedings under the statute, and in fraud of those proceedings. It is not necessary, however, to go into the examination of that point; as I think the objection, that the last assignment and the bond and warrant were a fraud upon the rights which the complainants had acquired, under the non-imprisonment act, to prevent their debtor from giving preferences, was well taken. If a proceeding of the kind which was attempted here could be sustained the statute would be a perfect dead letter; as the whole benefit which it gives to the creditor who proceeds for a fraud already committed, is to prevent the removal of the debtor's property out of the jurisdiction of the court to defraud his creditors, or the disposal of it for that purpose; and to prevent him from assigning it with a view to give a preference. (*Laws of* 1831, *p.* 398, § 10, *sub.* 5.) And if it is once established that the debtor, after he has been arrested on the warrant,

may make a valid assignment of his property to the exclusion of the creditor who has prosecuted him for his previous frauds, and can then be discharged upon giving a bond that he will not assign that which has already gone from him, for the purpose of giving such preference, no man of sense would ever think of proceeding against his debtor under the provisions of this statute. In the case of *Hurst*, (7 *Wend. Rep.* 239,) where the insolvent, on the same day that he presented his petition to be discharged under the insolvent act, confessed a judgment to his mother in trust for all of his creditors, the supreme court decided it was a fraud upon the law to attempt to appoint his own trustee in this way, instead of leaving it to the officer granting the discharge to appoint a trustee who should be under his control and direction.

The proceedings under this part of the statute of 1831 are remedial, and must be construed liberally for the purpose of carrying into effect the spirit and intent of the act of the legislature. And no court which has a proper regard for the due administration of justice can ever sanction such a fraud upon the laws of the state as was attempted by the defendants in this case.

The decree of the vice chancellor declaring the judgment and the last assignment, as well as the previous assignment, fraudulent and void as against the complainants, was therefore right, and was in accordance both with the law and the justice of the case. The decree appealed from must be affirmed with costs ; and with interest on the amount decreed to be paid by the court below, from the date of that decree, by way of damages to the complainants for the delay and vexation caused by this appeal.