## LOVIE vs. JOHNSON.

*Sixth District Court for Sacramento Co., November,* 1857.

LOST NOTE—COMPLAINT—NEGOTIABILITY.

In an action at law upon a lost negotiable note, the complaint must aver the loss of the note and the tender of an indemnity to the defendant.

When in such an action a plaintiff omits to make a tender of indemnity and to allege the same in his complaint, he cannot afterwards make the tender and then amend by inserting this averment, the avowed object being to prevent the operation of the statute of limitations.

The defendant in an action on a lost instrument must show that it was negotiable.

Action against the joint makers of a lost note. The facts are fully referred to in the opinion. On motion for a new trial.

*Upton & Hereford,* for plaintiff.

*Cartter, Hartley & Long,* for defendant.

BOTTS, J.—This case stands on a motion for a new trial, founded upon the alleged errors of the court. The complaint charges the defendants as joint makers of two promissory notes. The defendant, Williams, answers, denying the making the note, admitting the endorsement, pleading want of notice of protest, extension of time given to the maker, and the statute of limitations. There is in the complaint no allegation of loss, or an offer of indemnity, or even of a readiness and willingness to indemnify. It appears, from the statement, that upon the trial, the plaintiff tendered a bond of indemnity, and then offered to prove the loss and contents of the note, but admitted that he was not prepared to show that the note was unendorsed. To this testimony, the defendant objected, and the sustaining the objection is now alleged as one of the errors of the court. The plaintiff then asked leave to amend by inserting an allegation of the loss, and of a tender of the indemnity, and the overruling this motion is alleged as another error.

I have no doubt that if a suit upon a lost negotiable instrument can be maintained at all in a court of law—and I admit that the supreme court have inferentially sanctioned the practice—it must be upon an allegation of loss, and of tender of indemnity; indeed, they have so expressly decided, in Welton vs. Adams, 4 *Cal.*, 37. Under the old form of pleading, a declaration upon a note, bond or bill was incomplete, that did not make *profert* of the instrument upon which the suit was founded. Although, in our modern system, we have dispensed with the allegation of a readiness to produce and surrender the obligation, we have not waived the necessity of the production and surrender. With respect to securities that were not negotiable, courts of law always held a proof of loss as laying the foundation for the admission of testimony of its contents. But if the instrument, whose contents

were sought to be proved by parol, were the foundation of the action, an allegation of the loss was necessary to the admission of the proof of the fact. Hence, we have a form in Chitty for a declaration on a lost bond. Such was the state of the common law; but with the growth of commerce arose a new kind of written obligation, unknown to the common law, denominated " commercial paper." Upon this paper, for commercial convenience, was impressed the new feature of negotiability; that is to say, unlike other obligations, it was agreed that it should pass from hand to hand unincumbered by any offsets in the hands of the original holder. Consequently, payment to the original holder could not be pleaded against the present holder. How, then, could a suit be brought upon a lost note, when the recovery could not be pleaded against another suit brought by a party who might have innocently taken it from the finder? For this state of things the law courts knew no remedy; but it was considered an appropriate sphere for the more comprehensive action of a court of equity. Accordingly, under the more plastic forms of this tribunal, a remedy was afforded the unfortunate loser of the negotiable instrument, on conditions; the prescribed conditions being, that he should render the defendant satisfactory indemnity against future liability. But even under the laxest rules of this lax system, it was necessary that the complainant should aver a willingness to afford an ample indemnity. When the common law courts, emulous as they always were of the grasping power of equity, began to assert a co-ordinate jurisdiction over lost negotiable paper, they were necessarily embarrased by the rigidity of their own system, which forbade a conditional judgment. What was to be done in this dilemma? Why, it became necessary to aver not only a readiness to indemnify, but an actual tender of indemnity, the sufficiency of which might be traversed; and, like every other tender, it must be brought into court, where it remained on deposit for the benefit of the defendant. If the common law courts will ape equity in such a case as this, it is only by this contrivance that its clumsy machinery can be assimilated to the plastic hand of a court of chancery. Hence it is, that our supreme court says, that a tender of indemnity is necessary to sustain an action at law upon a lost negotiable instrument. Nothing is clearer than that the plaintiff's complaint is wanting in the most essential averments, if he intended to declare upon a lost negotiable instrument.

But he claims the right to amend. Now, I confess that the spirit of

Lovie *vs.* Johnson.

the statute is so liberal in this respect as almost to offer a premium to the negligence of counsel; and in conformity with that spirit, I have never permitted the neglect to state a fact to obstruct the course of justice. But here I am asked to keep the action alive for the purpose of introducing into it the fact of tender of indemnity which did not exist at the time of filing the complaint, the avowed object being to prevent the operation of the statute of limitations, as far, at least, as one of the notes is concerned. In other words, I am asked to collude with the plaintiff to enable him to elude the law of the land. I shall do no such thing; if by his *laches* he has permitted his remedy to lapse for want of a tender of indemnity, it is not in my power, however much I may sympathise with his misfortune, to assist him to a tender *nunc pro tunc.*

So far, the case is plain enough. But the plaintiff now contends that it has nowhere appeared that the promissory note sued on was negotiable. As my memory serves me, the court asked if the note was negotiable, and the plaintiff's counsel admitted it was; but counsel now urge that the admission was inadvertantly made, and that there is really no evidence of this fact. I confess that reasoning *a priori*, I should have inclined to the opinion that he who sues avowedly upon a lost promissory note, that may or may not be negotiable, should be held to prove affirmatively that the note was not negotiable, or that, being negotiable, it was unendorsed, or in such other condition that the recovery sought would be a bar to further action; inasmuch as it is upon this state of things that his right of action may perchance depend. Moreover, it would seem that the alleged holder and owner of the note should be presumed to know the character of the instrument upon which he sues. But such is not the opinion of those who have gone before me. It has been held that upon him who resists the introduction of secondary evidence devolves the burden of showing that the lost note was negotiable. See 10 *Johns. Rep.*, 104; 3 *Wend.*, 344; 12 *Wend.*, 174. Now, if the note were not negotiable, there would be no necessity for the tender of indemnity, and I would not hesitate to permit an amendment, for the purpose of including an allegation of the loss. I shall, therefore, grant a new trial, for the purpose of allowing the introduction of an allegation of the loss, that the plaintiff may stand or fall upon the negotiability of the instrument.

Let an order be entered, granting a new trial.