By the Court.*—Robertson, J.
The following objections were made, on the trial, to the validity of the defendant’s insolvent discharge, founded solely upon what was produced in evidence as the proceedings by which it was obtained.
1st. Too short a publication in the Hew York Day Book, of the notice to show cause against such discharge.
2d. Eon-publication of such notice in any paper entitled the Evening Day Boole, as required by the order.
3d. Want of proper specification in the affidavits of petitioning creditors of “ the nature of their debts and claims, how and for what they arose, when and where, who were the parties, the consideration and character of the indebtedness, who delivered the goods, wares, and merchandise, or to whom they were, delivered.”
4th. The omission of the names of the plaintiffs in the proceedings.
5th. The omission from the defendant’s list of creditors of the name of C. W. Smith, whose endorsements are alleged in the affidavits of petitioning creditors as securing their debts.
6th. Like want of specification of the nature of the creditors’ demands, in the defendant’s statements of them, as in their affidavits of indebtedness. .
7th. The absence of any signature subscribed to the proof of publication in the State paper.
To these objections the plaintiffs’ counsel now adds another, of the failure of the petitioning creditor to relinquish to the assignee, by a statement at the foot of their affidavit, the security, which by such affidavit they appear to have.
Such of these objections as do not relate to jurisdictional facts are cured by the provisions of law which make the discharge conclusive evidence of the facts recited in it (2 R. S., 38, § 19), and enumerates for what causes the discharge may be set aside, (2 R. S., 23, § 34, 5th Ed., 40.) Formerly they excluded all eon- *57 test even on jurisdictional facts (Lester v. Thompson, 1 Johns., 300 ; Jenks v. Stebbins, 11 Id., 244; People v. Stryker, 24 Barb., 649); but the more recent case of Stanton v. Ellis (12 N. Y. [2 Kern.], 576; S. C., 16 Barb., 319) reduces the effect of -the recitals as to jurisdictional facts to mere prima facie evidence.
What are necessary jurisdictional 'facts are clearly and succinctly enumerated in the case of Rusher v. Sherman (28 Barb., 116), in which they are stated by the learned Judge who decided that case to be—
1st. A proper petition by proper parties.
2d. Proper affidavits, by the petitioning creditors, of the nature, amount and consideration of their debts, and their freedom from any bribe.
3d. A proper account of creditors, and the amounts due them, the consideration of their debts, and any security held by them therefor.
1th. A proper inventory.
■ 5th. The oath of the insolvent, before the officer, as to the accuracy of his petition and schedule, and other matters required by the statute.
6th. Proof of residence.
I cannot regard the relinquishment by the petitioning credit- or of any security held by him before he became a petitioning creditor, as a jurisdictional fact (2 R. S., 36, § 21). The statute provides no mode of informing the officer of their existence, ex cept by tire statement in the petition or schedule annexed. In this case the statement of it in the creditor’s affidavit was superfluous, because not required by the statute. The statute did not intend that the whole proceedings should be had for nought if it should afterwards be accidentally discovered that the petitioning creditor held a security which he had omitted to relinquish. It might form a good objection to granting the discharge on the hearing, and possibly might be cured by rclihquiskment even at that time.
The provision in regard to such relinquishment forms no part ‘ of the article prescribing the proceedings to be had before procuring the order for publication of the notice to show cause, and is only directory in form. Moreover, in this case, no mention is made of any securities held by the petitioning creditors in the insolvent’s schedule of debts, and although- proof may be now *58 offered alixmde of the existence of such securities, such omission' will not affect the validity of the discharge (Stanton v. Ellis, 12 N. Y. [2 Kern.], 575, per Denio, J.) The accidental statement in the affidavits of petitioning creditors in this case, that their ■ claim is secured by said endorsement, did not make it incumbent on the officer to see that it was given up. The statute only required that the documents mentioned in the case of Busher v. Sherman (ubi sup.) as jurisdictional, shall be presented to the officer to procure the order for publication, and upon such presentation and order he acquires jurisdiction.
The proof of publication required by the statute is not a jurisdictional fact; the decision of the Supreme Court in Stanton v. Ellis (ubi sup.) to that effect is doubted by the Judge who gave the only-opinion-in the same case on appeal (12 N. Y., 580, Denio, J.) He says he “ suspects it is notthus giving as strong an impression as possible, considering that the point was not necessary to the case. He intimates very strongly in that case that jurisdiction begins on granting the order before the publication is made. The statute merely directs proof to be made before inquiring into the merits; while the amendment in 1847 as to one mode of service which prescribes that the proof shall be satisfactory to the officer (Sess. Laws of 1847, Ch. 366, § 2), neither. states whether it shall be made by affidavit or orally. There was no evidence in this case that the affidavits offered were the only proofs of publication received by the officer; and the recitals in the discharge are at least prima facie evidence of due proof, even if it were a jiuisdictional fact; and the same principles will apply to all the other objections except the contents of the papers presented to the officer. But even if they were the only evidence, they are sufficient.
The objection of too short a publication of the notice to show cause was properly overruled, because the statute only requires ten publications, each one of which is to be successively within one of ten successive weeks (2 R. S., 18, § 11, [14],) the com- , mencement whereof is determined by the first publication (Sheldon v. Wright, 5 N. Y. [1 Seld.] 497 ; S. C., 7 Barb., 39 ; see 1 Mass., 255). A contrary doctrine upheld in The People v. Yates C. P. (1 Wend., 90), followed in Bunce v. Reed at Special Term (16 Barb., 347), is overruled by. the cases last cited. The difference, when a definite period of publication, such as ten weeks, and not the number of publications is fixed, was over *59 looked in those cases. In the statute, no length of time' is prescribed during which the notice to -show cause must be given, except by such order of publication.
The question of the name of the newspaper, The Day Badlc, is entirely one of identity. The affidavit of publication complained of does not aver the title of the paper to be the New York Nay Book, but designates it by that name as a New York newspaper. In the order of publication, the term “ Evening ” may have been used merely to specify it as an afternoon issue. There was no evidence of the existence of two papers, published in the city of New York, with the title of Day Book, to ■ create a patent ambiguity. Similar variances have been held immaterial even in actions for torts. (Southwick v. Stevens, 10 Johns, 443.) Extrinsic circumstances are admissible to show who is intended by a certain name. (People v. Ferguson, 8 Cow., 102.) Even the entire omission of the christened name of a person has been held to be immaterial.
The want of a signature subscribed to another affidavit of publication is also immaterial. In this case the affiant’s name was at the head of the affidavit, and that, in the case of vsjills and agreements under the former Statute of Frauds, was held to be a sufficient signature. '
The same view was taken in Jackson v. Virgil (3 Johns., 539), where a signature was omitted. The only object of a signature or mark (signum) is to identify the deposition sworn to. Persons incapable of making either a signature' or mark by disease or natural infirmities or defects, are not debarred from making an affidavit, which is but written testimony. The description in Bacon’s Abridgment (Tit. Affidavits) of an affidavit will hardly stand any critical examination as a definition. It is there called an oath in writing administered / how that can be when the form is presented orally, is not very clear. The case of Laimbeer v. Allen (2 Sandf., 647), decided at Special Term, where the question arose on a pleading not an affidavit, and was hastily considered without any notice of the case of Jackson v. Virgil (ubi sup.) can hardly be considered as overruling it.
There is no statutory provision requiring the particular act ■ of the Legislature under which the applicant seeks relief, to be designated in the published notice to show cause. The Revised Statutes only require him to state therein, merely whether he seeks a discharge from his debts or only from imprisonment. (2 *60 R.S., 648, § 44). The proof of publication is not limited by statute to any particular person; although it enables an insolvent to perpetuate such evidence when made by specified persons. The objections made on the score of an omission in the notice of the. subdivisions of the Bevised Statutes in which the Two-Third act is to be found, as well as of the person malting ' the affidavit, therefore, fall to the ground.
The statutory requisites that the nature of the demands of the petitioning creditors, as well as whether they arise on a written security or otherwise, and their general grounds and consideration, shall be stated in their affidavits, and that their true cause and consideration shall be stated in the debtor’s schedule annexed to his petition, seem to have been sufficiently complied with. If enough is stated to apprise disputing or opposing creditors of the general grounds of indebtedness, such as money lent, money paid, or services at the debtor's request, it has been held to be sufficient, because it gives them a clue to inquiry (Taylor v. Williams, 20 Johns., 21). Defects in such statements, arising from w;ant of particularity, have been held to be cured by the discharge, and even to be curable at the hearing (In matter of Hurst, 7 Wend., 239). Want of particularity differs from an entire omission of the consideration (McNair v. Gilbert, 3 Wend., 344). It was not necessary to specify to whom the goods were sold and delivered, or when, with the particularity required in a complaint, or even in the specification required by the Code of Procedure to be annexed to a confession of judgment (§ 383). That exacts a concise statement of “ the facts out of which the liability ” arises, which is far more extensive than “ the nature of the demand and ground and consideration of the indebtedness.” Hone of the conflicting decisions in regard to that section of the Code would therefore be applicable. The subsequent provision in the Statute authorizing the officer to whom the application is made, to commence his acts for granting the discharge by directing an assignment upon being satisfied of the appearance of certain matters (2 R. S., 21, § 25), would alone throw great doubt on the question whether the proper description of the indebtedness of the insolvent to petitioning creditors, which is not one of those matters, was a jurisdictional fact. That provision only requires the officer to be satisfied of the insolvent’s indebtedness to the creditors for the- amount claimed, without reference t ’* "•’«■m or nature. *61 A mistake in anything hut the amount would seem to be capable of being overlooked. On the fact of the indebtedness and its being two-thirds, the discharge seems to be conclusive (Betts v. Bagley, 12 Peck, 812). The language of Judge Denio, in Van Alstyne v. Erwine (11 N. Y. [1 Kern.], 331), in reference to another, and of special proceeding quoted with approbation by the learned Judge who delivered the opinion in Rusher v. Sherman [ubi sup.), is still more apt in regard to insolvent discharges, for without “ the liberal indulgence ” challenged by him “ even on questions of jurisdiction,” proceedings to' obtain them would be “ a snare instead of a beneficial remedy.”
But most if not all ■ of these objections are technical and founded on the supposition that the recitals in the discharge are contradicted by the sole want of conformity of certain documents produced from the County Clerk’s office to the provisions of. Statute. There was no evidence obtained to show that the officer granting the discharge had not other evidence before him of the facts recited in the discharge than appeared in the papers so produced. The County Clerk certified that he had compared the latter with “ the original papers, in the matter of Thomas B. Chase on file in Ms office,” and that they were true transcripts of the whole of them. He probably knew nothing of such original papers except they were on file in his office : by whom filed, or when, did not appear. The case states that they were a copy of the proceedings and discharge. They consisted of what purported to be copies of a discharge; assignment; some affidavits of publication and personal service of notice on creditors; an order for an assignment; a certificate of its execution by the assignee and of its record by a County Clerk; an order of publication of notice; a petition by the defendant and some creditors, and an affidavit of his good faith; some affidavits of such creditors ; a list of them and their residences; a schedule of the nature of their debts; and an inventory of the insolvent’s estate. These .undoubtedly were a compliance with some of the provisions of the statute, but are not proved to include every thing that took place before the, officer. He is required to file “ all proceedings ” to obtain a discharge, within a certain time after the same shall have been consummated, with the Clerk of his County (2 R. S., 39, § 21). What is meant by " proceedings ” does not clearly appear from such provision, whether they include those required to be reported by such an officer to *62 another Court (2 R. S., 10, § 46 ; Ib., 13, § 68), those for obtaining a jury (2 R. S., 26, § 14; Ib., 29, § 6), or the minutes required to be kept by such officer of the testimony of witnesses examined before him (2 R. S., 37, § 16), which might include proof of due publication of the notice to show cause,—does not appear. In some parts of the title containing the statute in question, the term “ proceedings ” is evidently used to signify all the steps taken to procure a discharge, according to its proper meaning. Under such circumstances the frima facie evidence that all the jurisdictional proceedings and facts recited in the discharge took place, created by law from such recital, is hardly repelled by a County Clerk’s certificate, that certain documents are copies of all the original papers filed in the matter of such insolvency in his office, without evidence to show that the proper proceedings did not take place before the officer certifying in the discharge granted by him that they did.
The question of fraud growing out of a supposed omission of the plaintiffs’ names from the documents presented by the defendant to obtain the order to show cause against his discharge, was submitted to the jury. That is entirely different from inserting a creditor’s name and omitting the amount due him, which is held to be essential in Stanton v. Ellis (ubi supra) because the two thirds cannot be ascertained. In that case it was held that the entire omission of a creditor’s name or insertion of an incorrect amount would not have made the proceedings defective (p. 579, per Demo, J., 2 R. S., 81, § 3, subd. 4).
There was no evidence in the case where the contract, on which the judgment of the plaintiffs sued on was obtained, was made. Prima facie, therefore, the discharge was good against it. Proof of a party’s mere residence in another State was immaterial, and properly excluded.
There being no error in the rulings of the Court on the trial, the judgment should be affirmed with costs.
Judgment affirmed.

 Present Moncrief, Robertson and Monell, JJ.