BENJAMIN G. DUSENBURY, Executor, etc., Appellant, *v.* MARK HOYT, Respondent.

Although by virtue of the thirty-fourth section of the bankrupt act the legal obligation of the bankrupt to pay a debt provable under the act is discharged, yet the moral obligation remains, and, when united with a subsequent promise by the bankrupt to pay the debt, gives a right of action.

In such case the original debt may be considered the cause of action for the purpose of the remedy, and the creditor may bring his action thereon and prove the new promise upon the trial in avoidance of the discharge.

(Argued September 29, 1873; decided October 7, 1873.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a verdict in favor of defendant entered upon a verdict, and affirming order denying motion for a new trial. (Reported below, 45 How. Pr. R., 147.)

The action was upon a promissory note. The defendant pleaded his discharge in bankruptcy. Upon the trial, after proof of the discharge, plaintiff offered to prove a subsequent promise of the defendant to pay the note. Defendant objected upon the ground that the action was upon the note, not upon the new promise. The court sustained the objection, and directed a verdict for defendant, which was rendered accordingly.

*D. M. Porter* for the appellant. It was proper to sue upon the original cause of action, and not upon the new

Statement of case.

promise. (*Clark* v. *Atkinson*, 2 E. D. S., 112; *Shippey* v. *Henderson*, 14 J. R., 178; *Stebbins* v. *Sherman*, 1 Sandf., 510; *Wait* v. *Morris*, 6 Wend., 394; *Fitzgerald* v. *Alexander*, 19 id., 402; *McNair* v. *Gilbert*, 3 id., 344; *Gerry* v. *Buckner*, 4 N. Y. Leg. Obs., 402; 1 Abb. Forms, 212, note; *Ross* v. *Hamilton*, 3 Barb., 609; *Watkins* v. *Stevens*, 4 id., 168; *Wakeman* v. *Sherman*, 5 Seld., 85; *Turner* v. *Christman*, 20 Ohio, 339; *Way* v. *Sperry*, 6 Cush., 239; *Roberts* v. *Morgan*, 2 Esp., 736; *Williams* v. *Dyde*, Peake C., 68; Chitty's Pldgs., 40; 1 Selwyn's N. P., 219; *Maxim* v. *Morse*, 8 Mass., 127; *Trueman* v. *Fenton*, 1 Smith's L. C., 793; 5 Cowp., 544, 548; *Draper* v. *Tatton*, 16 East, 420.) A promise to pay the note was a waiver of the discharge. (*Depuy* v. *Swart*, 3 Wend., 141, note *a.*; *Stafford* v. *Bacon*, 1 Hill, 532; 2 Greenl. Ev., § 107; Chitty on Con., 10, 12, 13, 215; Story on Con., §§ 148, 185; *Stearns* v. *Tappin*, 5 Duer., 294; *Hughes* v. *Wheeler*, 8 Cow., 77; *Burdick* v. *Green*, 15 J. R., 247.) The new promise could be proved without a reply. (Code, § 168; *Hodges* v. *Hunt*, 22 Barb., 150; *Esselstyn* v. *Weeks*, 12 N. Y., 635; *Stewart* v. *Binse*, 10 Bos., 436.) Plaintiff's complaint sufficiently alleged the new promise. (*Miller* v. *Potter*, 34 Barb., 358; *Winchell* v. *Bowman*, 21 id., 448; *Hawley* v. *Griswold*, 42 id., 18.)

*Cephas Brainerd* for the respondent. The discharge in bankruptcy absolutely discharged the note in suit. (*Depuy* v. *Swart*, 3 Wend., 135, 140; *Stearns* v. *Tappin*, 5 Duer, 294, and cases cited; *Sturges* v. *Barton*, 8 Ohio, 215; *White* v. *Cushing*, 30 Me., 259, 267; *Carter* v. *Humboldt F. Ins. Co.*, 12 Iowa, 287, 294; *Walbridge* v. *Harrison*, 18 Vt., 448; *Fraley* v. *Kelly*, 67 N. C., 78, 81; *Murphy* v. *Smith*, 22 La. An. R., 441; *Sturges* v. *Crowningshield*, 4 Whea., 122; *Morse* v. *Gould*, 11 N. Y., 281, 288; *Ruggles* v. *Keller*, 3 J. R., 263.) The new promise did not revive the note. (*Egbert* v. *McMichael*, 9 B. Mon., 44; *Mason* v. *Hinghart*, id., 480; *Depuy* v. *Swart*, 3 Wend., 135, 140; *White* v. *Cushing*, 3 Me., 267, 269; *Wardwell* v. *Foster*, 31 id., 558;

*Clark* v. *Atkinson*, 2 E. D. S., 112; *Linn* v. *Decher*, 34 N. J., 305.) The new promise being the obligatory contract, the complaint must be founded upon it. (*Graham* v. *Hunt*, 8 B. Mon., 7; *Egbert* v. *McMichael*, 9 id., 44; *Corson* v. *Osborne*, 10 id., 155; *Sherman* v. *Hobart*, 26 Vt., 60, and cases cited; Van Santvoord's Pldgs. [3d ed. by Moak], 207, marg.; *Viele* v. *Oglivie*, 2 G. Green, 326; *United Soc., etc.,* v. *Winkley*, 73 Mass. [7 Gray], 460; *Stafford* v. *Bacon*, 1 Hill, 532.) The allegation of payment on account is not an allegation of a new promise. (*Cambridge* v. *Littlefield*, 6 Cush., 210; *Merriam* v. *Bagley*, 1 id., 77; *Stark* v. *Stimson*, 23 N. H., 259.)

ANDREWS, J. The 34th section of the bankrupt law declares that a discharge in bankruptcy releases the bankrupt from all debts provable under the act, and that it may be pleaded as a full and complete bar to all suits brought thereon.

The legal obligation of the bankrupt is by force of positive law discharged, and the remedy of the creditor existing at the time the discharge was granted to recover his debt by suit is barred. But the debt is not paid by the discharge. The moral obligation of the bankrupt to pay it remains. It is due in conscience, although discharged in law, and this moral obligation, uniting with a subsequent promise by the bankrupt to pay the debt, gives a right of action. It was held in *Shippy* v. *Henderson* (14 J. R., 178) that it was proper for the plaintiff, when the bankrupt had promised to pay the debt after his discharge, to bring his action upon the original demand, and to reply the new promise in avoidance of the discharge set out in the plea. The court, following the English authorities, said that the replication of the new promise was not a departure from the declaration, but supported it by removing the bar interposed by the plea, and that in point of pleading it was like the cases where the defence of infancy or the statute of limitations was relied upon. The case of *Shippy* v. *Henderson* was followed in subsequent cases, and the doctrine declared in it became, prior to the Code, the settled law. (*McNair* v.

*Gilbert*, 3 Wend., 344; *Wait* v. *Morris*, 6 id., 394; *Fitzgerald* v. *Alexander*, 19 id., 402.)

The question whether the new promise is the real cause of action, and the discharged debt the consideration which supports it, or whether the new promise operates as a waiver by the bankrupt of the defence which the discharge gives him against the original demand, has occasioned much diversity of judicial opinion. The former view was held by MARCY, J., in *Depuy* v. *Swart* (3 Wend., 139), and is probably the one best supported by authority. But, after as before the decision in that case, the court held that the original demand might be treated as the cause of action, and, for the purpose of the remedy, the decree in bankruptcy was regarded as a discharge of the debt *sub modo* only, and the new promise as a waiver of the bar to the recovery of the debt created by the discharge. We are of opinion that the rule of pleading, so well settled and so long established, should be adhered to. The original debt may still be considered the cause of action for the purpose of the remedy. The objection that, as no replication is now required, the pleadings will not disclose the new promise, is equally applicable where a new promise is relied upon to avoid the defence of infancy or the statute of limitations, and in these cases the plaintiff may now, as before the Code, declare upon the original demand. (*Esselstyn* v. *Weeks*, 12 N. Y., 635.)

The offer of the plaintiff to prove an unconditional promise by the defendant, after his discharge, to pay the debt, was improperly overruled, and the judgment should, for this reason, be reversed, and a new trial ordered, with costs to abide the event.

All concur, except FOLGER, J., not voting.

Judgment reversed.