DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

### 𝔐𝖆𝖞, 1880.

---

THOMAS M. ARGALL, RESPONDENT, *v.* ABRAHAM JACOBS AND BENJAMIN W. WISEBART, APPELLANT.

*A discharge in bankruptcy, under a composition, does not release the bankrupt from debts fraudulently contracted—no reply need be served to an answer setting up the defense of such a discharge—the fraud may be proved though the action be on notes given for the original debt—a motion for a new trial on the ground of surprise cannot be made at the circuit.*

In this action, brought upon two promissory notes given for goods sold and de-livered to the defendant, the latter set up a discharge in bankruptcy under a composition, to which defense no reply was interposed by the plaintiff. Upon the trial the plaintiff was allowed, after the discharge in bankruptcy had been proved, to give evidence to show that the indebtedness for which the notes were given had been fraudulently contracted.

*Held,* that a discharge under a composition in bankruptcy did not discharge the defendant form a debt fraudulently contracted.

That it was not necessary for the plaintiff to serve any reply.

That the fact that the action was brought upon the notes, instead of upon the original indebtedness, did not prevent the plaintiff from proving fraud in the contracting of the debt to avoid the effect of the discharge in bankruptcy interposed by the defendant.

A motion for a new trial on the ground of surprise cannot be made upon the minutes of the justice before whom the action was tried.

APPEAL from a judgment in favor of the plaintiff entered upon a verdict of a jury, and from an order of the judge at the circuit, deny-

[114]

ing a motion for a new trial made on his minutes, on the ground of surprise and upon the merits.

*R. S. Newcombe,* for the appellants.

*Armstrong & Briggs,* for the respondent.

Davis, P. J.:

This action was brought upon two promissory notes given in consideration of goods sold and delivered. The defendants set up a discharge under a composition in bankruptcy, in the United States District Court for Colorado. No reply was interposed to this answer. On the trial, after production of the proceedings which were ·claimed to establish the alleged discharge in bankruptcy by composition, the plaintiff offered evidence to show that the indebtedness for which the notes were given was fraudulently contracted. This was objected to on the part of the defendants on several grounds, and the objections were overruled and exceptions taken.

This court has held in two cases lately decided, that a· composition in bankruptcy does not operate to discharge a debt fraudulently contracted. (*Libbey* v. *Strasburger,* 14 Hun, 120; *Talcott* v. *Harris,* 18 Hun, 567.)

It was not necessary that a reply should be interposed. An answer setting up an independent defense, not a counter-claim, may be met on the trial with any matter tending to defeat or avoid it. (*Talcott* v. *Harris, supra.*)

The objection that the fraud could not be shown, because the plaintiff had sued upon the notes instead of suing for goods sold and delivered, was properly overruled. The notes were simply evidence of the debt contracted by the purchase of the goods. The plaintiff was not seeking to repudiate the sale on the ground of fraud, and to pursue the goods, nor to take any steps to prosecute the defendants for the alleged fraud. He sought, merely, to enforce the indebtedness to which the defendants answered a discharge in bankruptcy. And in response to that the plaintiff was at liberty to show that the indebtedness was not so discharged, because of any fact either affecting it or affecting the discharge itself, as, for instance, he could have shown ·a new promise made after the discharge, and recovered upon the original indebtedness

by establishing such new promise. (*Claflin* v. *Taussig*, 7 Hun, 223 ; *Dusenbury* v. *Hoyt*, 53 N. Y., 521 ; *Dambman* v. *Schulting*, 4 Hun, 50 ; *Johnson* v. *White*, 6 Hun, 587.)

If he had relied for his cause of action upon the fraud, and sought to recover the damages sustained by it, he would necessarily have been obliged to allege the fraud in his complaint. But he only seeks to recover the indebtedness contracted on the purchase of the goods, relying upon the promise of the defendant. In such case it makes no difference whether the count is upon the He may meet any alleged defense except a counter-claim, without any reply, because if he disposes of the defense, his original indebtedness being proved, his right to recover for that is estab original indebtedness or upon the notes which are evidence of it. lished.   Nor are the defendants in any sense prejudiced by the suit being upon the notes instead of upon the original indebtedness. In neither case would the plaintiff be bound to anticipate the defense set up by averring that such defense, if interposed, would be invalid against his demand.   The defendants must be presumed to know the law, and established rules of practice in such cases, and be prepared when they seek to establish an affirmative defense, to meet any evidence that tends to rebut or overthrow it.

We think sufficient evidence was given tending to establish fraud in contracting the debt, to justify the court in sending that question to the jury.   It was given to the jury in a clear and explicit charge, which could leave no doubt upon their minds as to the exact question upon which they were to pass.

In respect of the motion to set aside the verdict on the ground of surprise, it is sufficient to say that the learned judge, who held the circuit, was entirely right in holding that he had no power to entertain a motion of that kind at circuit.   The grounds upon which a motion for a new trial may be made before the judge who presides at the trial at circuit, are stated in section 997 of the Code of Civil Procedure, and do not include that of surprise.   And section 1002 of the Code provides in substance, that in a case not specified in the three preceding sections, a motion must, in the first instance, be heard and decided at Special Term.   But if it may be supposed under the late decision of the Court of Appeals, *In re*

Nichols, that every justice of the Supreme Court is clothed at all times, and in all places, with all the powers conferred by law upon that court, even that enlarged view of the power of a justice of the Supreme Court could not be extended to justices assigned from a city Superior Court, to hold specially designated terms or circuits of the Supreme Court.* The learned judge therefore properly declined to entertain the motion on the ground of surprise.

His disposition of the motion upon the merits seems to be correct. It was the duty of the defendants to have been prepared at the trial to meet the rebuttal of their defense. We have already said that sufficient evidence on the question of fraud to send the case to the jury was, in our opinion, given on the part of the plaintiff.

The judgment must be affirmed.

BRADY and BARRETT, JJ., concurred.

Judgment affirmed.

---

* [Section 236 of the Code of Civil Procedure, as amended by chapter 369 of 1880, provides, that a city judge, designated to hold terms and circuits, "during the period of such designation possesses, within the city of New York, all the powers of a justice of the Supreme Court, in or out of court, to make orders in any action or special proceeding in the Supreme Court." REP.].