(172 App. Div. 700)

## HOROWITZ v. COHEN.

(Supreme Court, Appellate Division, Second Department. May 26, 1916.)

1. PAYMENT ⬅️82(2)—VOLUNTARY PAYMENT—UNAUTHORIZED ACT.

Delivery by a bank of plaintiff's money, after his adjudication in bankruptcy, without his knowledge or consent, to the defendant, in payment of a note executed by plaintiff to defendant's intestate before the bankruptcy proceedings, was not a voluntary payment, precluding recovery, since the rule that voluntary payment of a moral obligation by a bankrupt after his discharge cannot be recovered back has no application to an unauthorized act of the custodian of the money.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 255; Dec. Dig. ⬅️82(2).]

2. EXECUTORS AND ADMINISTRATORS ⬅️430—ACTIONS AGAINST.

Where defendant received money in payment of a note given by plaintiff to the deceased in her administrative capacity, it became a part of the assets of the estate, and action is properly brought against her in her administrative capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1683–1688; Dec. Dig. ⬅️430.]

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. PRINCIPAL AND AGENT ⬅161(1)—PAYMENT OF DEBT—NECESSITY OF REPU-DIATION.**

Where money belonging to plaintiff was delivered by the bank to the administratrix after plaintiff's bankruptcy, in payment of a note executed before the bankruptcy proceedings, the payment was valid until repudiated by the plaintiff after he obtained knowledge of the transaction and demanded its return, when further detention became wrongful.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. ⬅161(1).]

Appeal from Trial Term, Westchester County.

Action by Aaron Horowitz against Sophia Cohen, as administratrix of Elias Cohen, deceased. From a judgment for defendant, dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Abraham H. Sarasohn, of New York City, for appellant.
David Gorfinkel, of Yonkers, for respondent.

RICH, J. This action is brought to recover the sum of $100, alleged to have been received by the defendant under the following circumstances:

In 1912, the plaintiff was indebted to a number of persons, among whom was the defendant's intestate, Elias Cohen; his indebtedness to the latter being upwards of $500. In July of that year bankruptcy proceedings were instituted against the plaintiff by an involuntary petition in bankruptcy, praying that he be adjudicated a bankrupt. After his examination and the schedules of his property and list of his creditors were filed, he offered terms of compromise and composition on the basis of his payment of 30 per cent. of his indebtedness, of which 25 per cent. was payable in cash and 5 per cent. by his note due in four months. This composition was accepted by all creditors whose claims had been allowed, and the money and notes required to carry it into effect delivered to the referee in bankruptcy, and an order was granted on September 19, 1912, dismissing the bankruptcy proceeding, confirming such composition, and directing the referee to distribute the composition money and notes among the creditors according to their respective rights, and he paid to the defendant, to apply on the proven claim of her intestate, 30 per cent. thereof. Subdivision "c" of section 14 of the national bankruptcy statute (Act Cong. July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1913, § 9598]), provides that the confirmation of a composition, such as presented in the case at bar, shall discharge the bankrupt from his debts.

Preceding such distribution, Cohen died, and letters of administration upon his estate issued to the defendant. Among the papers of the deceased she found a promissory note given to the decedent by the bankrupt prior to the institution of the bankruptcy proceeding, due and payable on October 21, 1912, at the Yonkers National Bank. On the day of its maturity the defendant presented said note for payment, and the bank paid it with money of the plaintiff. The allegation relating to the occurrence is as follows:

"That on or about the 21st day of October, 1912, notwithstanding the plaintiff was discharged and released of said claim of $541.35, and upon any claim or liability on any promissory notes that constituted a part of said sum, and particularly of any claim or liability upon a promissory note in the sum of $100, made by plaintiff, and which became due and payable on said day, the defendant wrongfully and fraudulently presented or caused to be presented the said promissory note for the sum of $100 made by the plaintiff for payment to the Yonkers National Bank, where the plaintiff then had an account, and received from the said Yonkers National Bank the sum of $100, the amount of the said promissory note, and has ever since kept and retained said $100, although the return of said sum has been demanded from the defendant, but the defendant has refused to pay the same, and no part of the said sum of $100 has been paid."

The answer put in issue many of the allegations of the complaint, but did not deny the alleged payment to defendant of said 30 per cent. of the proven claim of her intestate in the bankruptcy proceeding, by the referee therein, or that, in the language of the answer, she caused the presentation of the promissory note to be made to the Yonkers National Bank and received from it the sum of $100, the amount of the said note, and that she has ever since kept and retained the said sum of $100.

At the commencement of the trial, the defendant moved to dismiss the complaint, and the motion was granted. From the judgment accordingly entered, this appeal is taken.

The record does not show the grounds upon which the motion was based, but the respondent states them to have been:

"(1) That the complaint does not state sufficient facts and upon its face the plaintiff is not entitled to recover; and (2) that this action cannot be maintained against this defendant in her representative capacity."

It does not appear upon which of the grounds the court acted, and both must therefore be considered.

It is contended by the respondent that, while the legal obligation of the plaintiff to pay the debt evidenced by the note was discharged by the bankruptcy proceeding, the moral obligation to pay it remained, because of which it is not unconscionable for her to retain the money, and that, although payment could not have been compelled, the bank having paid it, the plaintiff is precluded from recovering it back in an action for money had and received, and several cases are cited, the leading one being Dusenbury v. Hoyt, 53 N. Y. 521, 13 Am. Rep. 543, holding that the moral obligation to pay existing notwithstanding the discharge of the legal obligation of the bankrupt, united with a subsequent promise to pay the debt, gives an enforceable right of action.

[1] The rule declared in the cases cited is not applicable to the facts presented by the case at bar, in which there was no subsequent promise to pay, and the payment was not made by the bankrupt, or by his direction, or with his knowledge. The plaintiff had money in the possession of a third party—the bank. He gave no check or order to the bank to pay the note. So far as appears, the bank upon its presentation applied a portion of the money plaintiff had on deposit to its payment in full to the defendant as the administratrix of the deceased payee. This was not a voluntary payment by the plaintiff, nor a pay-

ment made personally by him, or with his knowledge or consent. It was not a "payment," but an unauthorized appropriation and application of his money by the bank upon an obligation for the payment of which he was not liable. The principle asserted is that a person having in his possession property or money of a bankrupt, who has been discharged from any further liability to his creditors, may, without the knowledge or consent of such bankrupt, deliver property or money to a creditor to the extent of the debt owing at the time bankruptcy proceedings were commenced, and that the bankrupt is without redress. Our attention is directed to no reported case sustaining such a contention. The moral obligation to pay remaining, if the debtor voluntarily pays, or directs or consents to the application of his property to such payment, he could not recover it back; but this rule does not prevent his recovering back his property which the creditor has obtained under the facts presented by this record, in an action for money had and received. The rule that a voluntary payment made by the bankrupt with full knowledge of the facts cannot be recovered back has no application to a case where the payment was not made by him, or with his knowledge or consent, but in consequence of the unauthorized act of the custodian of the money.

[2, 3] I think the complaint states a good and enforceable cause of action, providing a recovery may be had against the defendant in her representative capacity. The money was received by the defendant as the administratrix of the estate she represented, and became part of its assets. We are of the opinion that the action is properly brought against the defendant in her representative capacity. The cases cited by the learned counsel for defendant to sustain her contention upon this question are not in conflict with our conclusion. The money was delivered by the bank to the defendant as administratrix, and, unless repudiated by the plaintiff after he obtained knowledge of the transaction, was valid, and it was not until he did repudiate the payment and demanded a return of the money that its further detention became wrongful. The case is within the rule stated in Matter of Van Slooten v. Dodge, 145 N. Y. 327, 332, 39 N. E. 950, 951:

"Whatever property or money is lawfully recovered or received by the executor or administrator, after the death of the testator or intestate, in virtue of his representative character, he holds as assets of the estate, and he is liable therefor, in such representative character, to the party who has a good title thereto."

It is said by counsel:

"If the action had proceeded to trial, the defendant could have proved a special agreement by the plaintiff to pay this note notwithstanding the discharge in the bankruptcy proceedings."

This is the very element lacking, and, if this be true, a new trial where she can establish this crucial fact will not injure her.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.